[Cite as *State v. Varholick*, 2011-Ohio-4402.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
### No. 94187

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JAMES VARHOLICK

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-526692
Application for Reopening
Motion No. 440557

**RELEASE DATE:** August 26, 2011

**FOR APPELLANT**

James Varholick, pro se
Inmate #573-485
Marion Correctional Institution
P.O. Box #57
Marion, Ohio 43301


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


SEAN C. GALLAGHER, J.:

{¶ 1} On December 30, 2010, the applicant, James Varholick, pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, applied to reopen this court's judgment in *State v. James Varholick*, Cuyahoga App. No. 94187, 2010-Ohio-5132, in which this court affirmed Varholick's sentence for operating a vehicle under the influence. Varholick now claims that his appellate counsel should have argued that the indictment did not plead an essential element of the offense to raise the charge to a third degree felony, that the state did not provide sufficient evidence to raise the offense to a third degree felony, and that the

trial judge deprived him of his right to allocution. On January 31, 2011, the state of Ohio, through the Cuyahoga County Prosecutor, filed a brief in opposition, and Varholick filed a reply brief on February 9, 2011. For the following reasons, this court denies the application.

{¶ 2} In August 2009, the grand jury indicted Varholick on two counts of driving while under the influence.[1] The "Furthermore" clause in the first charge listed by date and case number Varholick's five previous convictions for drunk driving. The second indictment's "Furthermore" clause stated that Varholick "previously had been convicted of or pleaded guilty to a violation of [R.C. 4511.19](A) that was a felony, regardless of when the violation and the conviction or guilty plea occurred."[2]

{¶ 3} On September 2, 2009, Varholick pleaded guilty to Count 2, and the state nolled Count 1. At that time, defense counsel admitted that this was Varholick's second felony offense for drunk driving and consequently this charge was a third degree felony. Varholick

---

[1] The record, including the police report of the incident found in the file, shows that Varholick was so intoxicated that he fell asleep while driving. (Tr. Pg. 15.) Fortunately, he fell asleep while stopping for a light, and his foot remained on the brake until a police officer investigated the vehicle not proceeding at the light.

[2] R.C. 4511.19(G)(1)(e) provides in pertinent part as follows: "An offender who previously has been convicted of or pleaded guilty to a violation of division (A) of this section that was a felony, regardless of when the violation and the conviction or guilty plea occurred, is guilty of a felony of the third degree."

also admitted that he was now serving a 30-month prison sentence for violating probation on the previous felony conviction for drunk driving.[3]

{¶ 4} The trial judge held the sentencing hearing on October 1, 2009. Defense counsel made a concise statement on Varholick's behalf. He stressed that Varholick had taken responsibility for his actions by admitting his culpability and his alcoholism, that he had been staying sober on probation, that he had attended many 12-step meetings, that he could benefit from treatment, and that he does not want to drink anymore. The trial judge then stated he would hear from the defendant himself. Varholick stated that he did not know what to say, that the judge had given him a chance, that he had been doing so well, that he was not drinking, that he did not want to drink and did not know why he drank again.

{¶ 5} The trial judge then terminated the allocution and stated that Varholick drank again because he is an alcoholic. The judge expressed his sympathy for Varholick's condition, but stated that Varholick's and his friends' statements about unfortunate events in Varholick's life were unnecessary. The judge told Varholick that he had given him a chance, but that Varholick had not done what was necessary, which was to stay sober every day. Instead, Varholick chose to drink and get behind a wheel again. The judge continued that Varholick was fortunate that he did not kill anyone, but the judge needed to protect the public. Thus, he sentenced Varholick to four years consecutive to the 30 months for the probation violation.

---

[3] Varholick had the same trial judge for both of his drunk driving felony cases.

LEGAL ANALYSIS

{¶ 6} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768; *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶ 7} In *Strickland*, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 104 S.Ct. at 2065.

{¶ 8} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have

emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶ 9} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶ 10} Varholick's first argument is that the indictment for Count 2 was jurisdictionally defective because it did not plead the fact of his prior felony conviction for drunk driving, i.e., the indictment did not state by date, court, and case number his prior felony conviction. Varholick reasons that because under R.C. 2911.19 and 2945.75 the fact of the prior conviction

is a necessary element of the offense to raise the level of the crime from a misdemeanor to a third degree felony, the failure to plead the prior conviction with factual specificity deprived the trial court of jurisdiction to convict and sentence him for a third degree felony. Furthermore, even a guilty plea cannot waive jurisdictional defects.

{¶ 11} However, Varholick's argument is unpersuasive. In *State v. Patterson*, Medina App. No. 09CA0014, 2009-Ohio-6953, the court of appeals addressed this issue. Patterson's indictment averred in pertinent part that he "unlawfully did operate a motor vehicle within this state, while under the influence of alcohol * * * having previously been convicted of a violation of this section which was a felony, in violation of Section 4511.19(A)(1)(a)(e) of the Ohio Revised Code, a felony of the third degree* * * ." The indictment did not specifically state the date, court, or case number of the previous felony conviction. The court upheld Patterson's no contest plea, because by pleading no contest he admitted the truth of the facts alleged in the indictment. It reasoned that when the indictment contains sufficient allegations to state a felony offense, and the defendant pleads no contest, the court must find the defendant guilty of the charged offense. Thus, the court ruled that the general allegations of a prior felony conviction for drunk driving were sufficient to state the third degree offense.

{¶ 12} Moreover, in the present case there was no doubt that Varholick had a prior felony drunk driving conviction, and everyone agreed that he was pleading guilty to a third degree

offense. To argue otherwise would be to raise form over substance, which appellate counsel in the exercise of professional judgment could decline to do.

{¶ 13} Varholick's second argument is that the state failed to provide sufficient proof of this prior conviction. Generally, the state must provide a certified copy of the judgment and evidence that the judgment applies to the defendant. R.C. 2945.75(B). Varholick, thus, argues that because the state did not provide such evidence, the trial court did not have a proper basis for sentencing him to a third degree felony. Varholick distinguishes this argument from the first on the grounds of sufficient evidence, as compared to a jurisdictional defect. In *State v. Large*, Stark App. No. 2006CA00359, 2007-Ohio-4685, the appellant raised the same issue, that the state failed to prove the prior conviction because a certified copy of the conviction was not produced. The court of appeals rejected that argument because the defendant had stipulated to the prior conviction, and such an agreement obviated the need for proof. Similarly, in the present case, by pleading guilty Varholick admitted to the prior conviction, his counsel stipulated to it, and the trial judge knew it. Thus, this argument also endeavors to raise form over substance.

{¶ 14} Varholick's third argument appears to be that because the initial charging instrument in Rocky River Municipal Court did not state a prior felony drunk driving conviction, there could be no third degree offense. However, this argument is ill-founded. A review of the Rocky River Municipal Court complaint shows that it lists all five of his prior

drunk driving convictions by date, court, and case number. To the extent that his argument actually refers to some other charging instrument, it is a variant of his first argument, which this court has already rejected.

{¶ 15} Varholick's final argument is that the trial court improperly terminated his right to allocution under Crim.R. 32(A), which requires a remand for resentencing. Crim.R. 32(A) provides in pertinent part as follows: "At the time of imposing sentence, the court shall do all of the following: (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." This court rules that the trial judge complied with Crim.R. 32(A). Varholick's attorney made his statement, and Varholick also made a short statement. The right of allocution is not uncircumscribed, and the trial judge may limit a defendant's presentence statement. A trial judge does not have to indulge a defendant in venting his spleen, issuing a diatribe, explaining extraneous matters, or engaging in drivel. *State v. Smith* (Nov. 8, 1995), Greene App. No. 94-CA-86; *State v. Copeland*, Butler App. No. CA2007-02-039, 2007-Ohio-6168; *State v. Foster*, Cuyahoga App. No. 93029, 2009-Ohio-6648; and *State v. Budreaux* (Sept. 16, 1993), Cuyahoga App. No. 63698.

Accordingly, this court denies the application to reopen.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR