[Cite as *State v. Wysin*, 2013-Ohio-5363.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2013-P-0037** |
| - vs - | : | |
| GREGORY J. WYSIN, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Portage County Municipal Court, Kent Division, Case No. K 12 TRC 1912.

Judgment: Affirmed.


*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina Drnjevich*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Timothy R. Thomas,* 402 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Gregory J. Wysin, appeals the judgments of the Portage County Municipal Court, Kent Division, denying his Motion to Suppress and finding him guilty of operation of a vehicle while intoxicated (OVI). The issues before this court are whether a trial court errs by allegedly changing, sua sponte, the degree of OVI from a first-degree misdemeanor to an unclassified misdemeanor, and whether a trial court's factual determination that the arresting officer actually observed marked-

lane violations, where the officer did not fully explain the reason for the stop to the defendant, is supported by competent and credible evidence. For the following reasons, we affirm the decisions of the court below.

{¶2} On June 6, 2012, Officer Robert Putnam of the Brimfield Police Department issued Wysin a ticket, charging him with OVI, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a) ("under the influence of alcohol"); OVI, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(h) ("concentration of seventeen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath"); and failure to display validation stickers, a minor misdemeanor in violation of R.C. 4503.21(A). The traffic ticket/complaint further indicated that Wysin had five "prior OVIs."

{¶3} On June 8, 2012, Wysin was arraigned in municipal court. The written Judgment Entry states: "Defendant appeared in Court for arraignment on 06/08/2012 * * * and entered a plea of Not Guilty to the charges of M1 4511.19A1A OPERATING UNDER THE INFLUENCE 2ND 3rd OFFENSE; 4511.19A1H OVI~ BREATH .17 AND OVER 2ND OFFENSE; 4503.21 DISPLAY OF OR EXPIRED PLATES."

{¶4} On August 7, 2012, Wysin filed a Motion to Suppress.

{¶5} On October 15, 2012, a hearing was held on the Motion to Suppress. Officer Putnam, on behalf of the State, was the sole witness to testify.

{¶6} On December 10, 2012, the municipal court issued a Journal Entry, making the following relevant findings:

{¶7} Upon review of the evidence, including the dash cam video from Officer Putnam's cruiser, the Court finds that Officer Putnam of the

2

Brimfield Police Department was on traffic enforcement duty on June 6, 2012 on State Route 43 in Brimfield Township, Portage County, Ohio at approximately 2:00 a.m. when he saw Defendant's vehicle cross over the dotted white line on the highway on two occasions. The officer determined that the county identification/validation stickers on Defendant's license plate were attached to the license in the wrong spot and, therefore, only the top one-quarter of each of the stickers could be seen because of the license plate bracket. Further, the officer testified that he observed Defendant's vehicle in the far right lane of State Route 43, that it crossed over the middle white line of the double lane, and that the driver's side tires crossed completely over the white line for approximately 10 to 15 seconds on both offenses [sic]. The officer effected a stop at State Route 43 and Edson Road, at which time the Defendant pulled into the adjacent Super 8 Motel and drove through the parking lot and around the corner of the building until he brought his vehicle to a stop. The officer approached Defendant's vehicle and advised him that he stopped him because he drove on the white line and that his stickers were in the wrong spot. At the hearing, Defendant raised the issue that the officer did not state to Defendant that his vehicle crossed over the white lane marker.

The court concluded that "Officer Putnam had probable cause to believe that Defendant had committed traffic offenses; specifically, display of validation stickers, pursuant to ORC 4503.21, and marked lanes, pursuant to ORC 4511.25, even though the officer did not cite Defendant for the marked lanes violation."

{¶8} On March 25, 2013, Wysin entered a plea of No Contest to OVI, in violation of R.C. 4511.19(A)(1)(h), with the remaining charges dismissed by motion of the prosecutor. Wysin was sentenced to pay a fine and court costs in the amount of $2,750 (with $1,750 suspended), and to spend 365 days in the Portage County Jail (with 335 days suspended upon conditions). The court further suspended Wysin's operator's license for three years, ordered him to comply with the recommendations of a substance abuse assessment, to serve 30 days of SCRAMx, to undergo 287 days of SCRAM alcohol monitoring, and to sell his vehicle within 60 days.

{¶9} On April 24, 2013, Wysin filed his Notice of Appeal.

{¶10} On April 30, 2013, the municipal court stayed Wysin's sentence pending appeal.

{¶11} On appeal, Wysin raises the following assignments of error:

{¶12} "[1.] By amending the original complaint sua sponte, the Trial Court impermissibly changed the identity of the offense with which appellant was charged, in violation of Criminal Rule 7(D), resulting in plain and reversible error."

{¶13} "[2.] The Court's denial of the appellant's motion to suppress was against the manifest weight of the evidence presented, as the arresting officer had neither probable cause, nor reasonable articulable suspicion necessary to effect a traffic stop, in violation of the appellant's right to be free from unreasonable search and seizure as

4

guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and Article I, Section 10 and 14 of the Ohio Constitution."

**{¶14}** In the first assignment of error, Wysin argues the municipal court impermissibly violated Criminal Rule 7(D) by amending the OVI charge from a violation of R.C. 4511.19(A)(1)(h), a misdemeanor of the first degree, to R.C. 4511.19(G)(1)(c), an unclassified misdemeanor. Crim.R. 7(D) ("[t]he court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged").

**{¶15}** As no objection was raised during the course of the proceedings, this assignment of error is reviewed under the plain error standard. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). In order to reverse a judgment for plain error, (1) there must be an error, i.e., a deviation from a legal rule; (2) the error must be plain, i.e., an "obvious" defect in the proceedings; and (3) the error must have affected the defendant's substantial rights by altering the outcome of the proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002) (cases cited). Finally, "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

**{¶16}** Wysin was charged with violating R.C. 4511.19(A)(1)(h) by the issuance of a traffic ticket/complaint, provided for in Traffic Rule 3. "[A] complaint prepared pursuant

5

to Traf.R. 3 simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand." *Barberton v. O'Connor*, 17 Ohio St.3d 218, 221, 478 N.E.2d 803 (1985). "[A] Uniform Traffic Ticket properly charges the defendant with an offense when it describes the nature of the offense as 'DWI' and makes reference to the ordinance that gives rise to the offense, * * * even if the defendant has to make some reasonable inquiry in order to know exactly what offense is charged." *Id.* at 222.

{¶17} As charged in the complaint, Wysin operated a vehicle having a concentration of seventeen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath and having six prior OVIs. R.C. 4511.19(A)(1)(h). Following his arraignment, this charge was described as "4511.19A1H OVI~ BREATH .17 AND OVER 2ND OFFENSE." This is the offense to which Wysin pled No Contest. Prior to entering his No Contest plea, Wysin stipulated to prior OVIs in 2007, 2006, 1987, and 1983.

{¶18} The Revised Code provides: "Whoever violates any provision of (A)(1)(a) to (i) * * * of this section is guilty of operating a vehicle under the influence of alcohol." R.C. 4511.19(G)(1). With respect to sentencing, the Revised Code provides: "[A]n offender who, within six years of the offense, previously has been convicted of or pleaded guilty to two violations of division (A) or (B) of this section or other equivalent offenses is guilty of a misdemeanor." R.C. 4511.19(G)(1)(c). An offender who meets the requirements of R.C. 4511.19(G)(1)(c) is subject to the penalties set forth in that subsection. As part of his plea, Wysin recommended/stipulated to penalties that were consistent with those set forth in R.C. 4511.19(G)(1)(c).

6

{¶19} Wysin contends that his conviction was for violating R.C. 4511.19(G)(1)(c), which he maintains is a distinct crime from the violation of R.C. 4511.19(A)(1)(h) and, thus, impermissible under Criminal Rule 7(D). *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, ¶ 13 ("Crim.R. 7(D) does not permit the amendment of an indictment when such amendment changes the penalty or degree of the charged offense"). We disagree.

{¶20} Under the Traffic Rules, the complaint issued by Officer Putnam and the restatement of the charge following arraignment properly charged Wysin with OVI and advised him of the enhanced penalties to which he was subject as the result of multiple prior OVIs. It was not necessary to amend the complaint to expressly state a violation of R.C. 4511.19(G)(1)(c) or to otherwise separately charge Wysin with a violation of that subsection.

{¶21} In *Bellville v. Kieffaber*, 114 Ohio St.3d 124, 2007-Ohio-3763, 870 N.E.2d 697, the Ohio Supreme Court held that "[n]otice is satisfied," under the Traffic Rules, "when a defendant is apprised of the nature of the charge together with a citation of the statute or ordinance involved." *Id.* at ¶ 19. Specifically, the Supreme Court held that, where a defendant is apprised of "all the elements for an offense," it is not necessary to indicate the "specific statutory subsection." *Id.* at ¶ 20. In so holding, the Supreme Court cited, with approval, this court's decision in *Niles v. Yeager*, 11th Dist. Trumbull No. 2004-T-0004, 2004-Ohio-6698, which held that the defendant "knew from the information stated on the traffic ticket the nature and cause of the accusation * * *, even though it did not specifically state which subsection." *Id.* at ¶ 18.

**{¶22}** Similarly, the Ohio Supreme Court has held that, "[w]here the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and need not be alleged in the indictment or proved as a matter of fact." *State v. Allen*, 29 Ohio St.3d 53, 506 N.E.2d 199 (1987), syllabus; *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 8 ("[w]hen existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the state").

**{¶23}** In the present case, OVI under subsection (A)(1)(h) is a first-degree misdemeanor; the existence of two prior OVIs within six years alters the degree to an unclassified misdemeanor. Wysin cites to no authority, nor is this court aware of any that describes an unclassified misdemeanor as a higher degree of misdemeanor than a first degree misdemeanor. On the contrary, several courts, including this one, have treated the penalties imposed by subsection (G)(1)(c) as penalty enhancements which did not elevate the degree of the offense. *Mentor v. Molk*, 11th Dist. Lake No. 2010-L-112, 2011-Ohio-3120, ¶ 27 ("[w]hen a defendant is only facing a misdemeanor [under R.C. 4511.19(G)(1)(c)], prior convictions are for sentencing consideration only and do not constitute an element of the offense"); *State v. Monteleone*, 9th Dist. Lorain No. 10CA009751, 2010-Ohio-5064, ¶ 4 ("while the existence of two prior convictions in this case would increase the penalty Monteleone faced at sentencing for his third offense, it did not elevate the degree of the offense").

8

{¶24} For either of the foregoing reasons, Wysin was properly charged and subject to the penalties set forth in R.C. 4511.19(G)(1)(c) so that it was unnecessary to amend the complaint. Assuming, arguendo, that amendment was necessary to reference R.C. 4511.19(G)(1)(c), such error falls far short of the "manifest miscarriage of justice" standard necessary for a finding of plain error. Such a defect would neither have been obvious nor altered the outcome of the proceedings, inasmuch as Wysin (an attorney) pled No Contest with full knowledge of the nature of the charges and the potential penalties.

{¶25} The first assignment of error is without merit.

{¶26} In the second assignment of error, Wysin argues that the municipal court's factual findings at the suppression hearing are not supported by the evidence.

{¶27} At a suppression hearing, "the trial court is best able to decide facts and evaluate the credibility of witnesses." *State v. Mayl*, 106 Ohio St.3d 207, 2005-Ohio-4629, 833 N.E.2d 1216, ¶ 41. "Its findings of fact are to be accepted if they are supported by competent, credible evidence, and we are to independently determine whether they satisfy the applicable legal standard." *Id.*, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8; *Kirtland Hills v. Kunka*, 11th Dist. Lake No. 2012-L-0095, 2013-Ohio-738, ¶ 16 ("[o]nce the appellate court accepts the trial court's factual determinations, the appellate court conducts a de novo review of the trial court's application of the law to these facts") (citation omitted).

{¶28} Officer Putnam testified, and the municipal court found, that he "saw Defendant's vehicle cross over the dotted white line on the highway on two occasions * * * for approximately 10 to 15 seconds on both [occasions]," and that Wysin's county

9

ordinance and date of expiration stickers were mislocated on the license plate and partially covered by a license plate bracket. Wysin counters that "Officer Putnam's testimony, reviewed objectively in its totality, is best described as equivocal or ambiguous, rather than competent, or credible." Appellant's brief at 12.

{¶29} Wysin relies on Officer Putnam's actions during the stop, as recorded by the dashboard video camera. When explaining the reason for the stop, Officer Putnam told Wysin that he "hit" the white line twice and that the stickers were in the wrong location. In his written report, Officer Putnam wrote that Wysin had "crossed over" the white line. When asked at hearing about the discrepancy, Officer Putnam testified:

{¶30} [W]hen I stop somebody, I don't go into * * * the exact criterias of the stop. I'll tell them I saw you, you know, cross over the -- the white dotted or you bumped it, you touched it. Versus -- because not everybody understands the ins and outs as far as the probable cause to make a stop. So sometimes I won't say exactly what occurred as soon as I make contact with that individual.

With respect to the stickers, Officer Putnam testified that they were in "plain view," although he could only see about "the top quarter of them." Wysin maintains that the inconsistencies in Officer Putnam's testimony and the failure to charge him with a marked-lanes violation, combined with the fact that he had only been a police officer for fifteen months, should demonstrate that "his testimony about what he actually observed prior to effecting the traffic stop of the appellant's vehicle is at best merely mistaken, at worst fabricated, and in either case, simply not credible." Appellant's brief at 12.

{¶31} Wysin's arguments have bearing on Officer Putnam's credibility, but do not render his unequivocal testimony that Wysin twice crossed the white dotted line for ten to fifteen seconds and that his county identification/validation stickers were obscured by their location incredible or incompetent. The phrase "hit the white line" is sufficiently imprecise to include crossing over the white line and does not compel the conclusion that Officer Putnam did not actually observe Wysin cross the white line prior to effecting the stop.

{¶32} The second assignment of error is without merit.

{¶33} For the foregoing reasons, the judgments of the Portage County Municipal Court, Kent Division, denying Wysin's Motion to Suppress and finding him guilty of OVI, are affirmed. Costs to be taxed against the appellant.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.