[Cite as *State v. Silka*, 2016-Ohio-5784.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-A-0053** |
| MICHAEL S. SILKA, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2015 CR 00111.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellant).

*Thomas J. Simon*, 1105 Bridge Street, P.O. Box 3048, Ashtabula, OH 44005-3048 (For Defendant-Appellee).


TIMOTHY P. CANNON, J.

{¶1} Appellant, the state of Ohio, appeals from the judgment of the Ashtabula County Court of Common Pleas, dismissing the charges pending against appellee, Michael S. Silka, based upon a finding of double jeopardy. For the following reasons, we affirm the judgment of the trial court.

{¶2} On November 28, 2014, Silka was issued a traffic ticket, charging him with two counts of Operating a Vehicle Under the Influence ("OVI"), in violation of R.C.

4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(h); and one count of Failure to Maintain an Assured Clear Distance, a minor misdemeanor in violation of R.C. 4511.21. The ticket also stated in the "Prior OVIs" section that the number of prior OVIs was five and the years of the prior OVIs were 1997, 2005, 2009, 2011, and 2014. This matter was originally filed in the Ashtabula Municipal Court and assigned case No. 14TRC03155.

{¶3} On December 2, 2014, Silka entered a plea of guilty to one first-degree misdemeanor count of OVI, in violation of R.C. 4511.19(A)(1)(a), and a plea of no contest to the minor misdemeanor violation. The pleas were accepted by the municipal court. Prior to sentencing, on January 20, 2015, the State filed a motion to dismiss the matter without prejudice, arguing the case "should have been filed as [a] third degree felony." The municipal court granted the motion to dismiss.

{¶4} The State subsequently filed two criminal complaints in the Ashtabula Municipal Court, assigned case No. 15CRA00097. The complaints asserted Silka had committed OVI in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(h), felonies of the third degree. The matter was bound over to the Ashtabula County Court of Common Pleas and assigned case No. 2015CR00111. On February 26, 2015, Silka was indicted on both counts. These charges also had accompanying specifications for five prior OVIs in 20 years, pursuant to R.C. 2941.1413.

{¶5} After pleading not guilty, Silka filed a motion to dismiss the felony OVI charges. He argued the charges against him must be dismissed on the grounds of double jeopardy, as he had already entered a plea of guilty to misdemeanor OVI arising from the same offense. The State filed a response in opposition, contending the municipal court erred in accepting Silka's plea to a first-degree misdemeanor at the

2

municipal court arraignment, where the State was not present, because the ticket referenced Silka's five prior OVIs. The State argued the municipal court lacked jurisdiction to accept Silka's plea, its judgment was thus void, and double jeopardy did not apply.

{¶6} The trial court filed a judgment entry on September 16, 2015, granting Silka's motion to dismiss. It found the ticket given to Silka did not contain the appropriate information to charge him with a felony, and thus he was properly convicted of a misdemeanor offense. As such, double jeopardy applied to prevent the felony charges for the same offense.

{¶7} The State filed an appeal from this entry and raises one assignment of error:

{¶8} "The trial court erred in granting appellee's motion to dismiss."

{¶9} The State argues that the original charges were felonies, not misdemeanors, thus the municipal court did not have jurisdiction to accept Silka's plea. As a result, the State contends jeopardy did not attach, and it was not double jeopardy to bring the second set of OVI charges against Silka for the same conduct.

{¶10} The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb[.]" Article I, Section 10 of the Ohio Constitution also provides that "[n]o person shall be twice put in jeopardy for the same offense." The Double Jeopardy Clause of each constitution prohibits "(1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Gustafson*, 76 Ohio St.3d 425, 432 (1996)

3

(citations omitted). Jeopardy attaches when a trial court accepts a defendant's guilty plea. *State v. Knaff*, 128 Ohio App.3d 90 (1st Dist.1998), syllabus, citing *State ex rel. Leis v. Gusweiler*, 65 Ohio St.2d 60, 61 (1981) and *State v. Turpin*, 12th Dist. Warren No. CA86-02-014, 1986 Ohio App. LEXIS 9565, *10-11 (Dec. 31, 1986); *see also State v. Heslop*, 7th Dist. Belmont No. 11-BE-19, 2012-Ohio-5118, ¶25.

**{¶11}** A determination by a trial court that the Double Jeopardy Clauses prohibit prosecution is a matter of law. *State v. Jenkins*, 11th Dist. Lake No. 2006-L-266, 2007-Ohio-4770, ¶46, citing *State v. Fleming*, 11th Dist. Portage No. 96-P-0210, 1997 Ohio App. LEXIS 1701, *9-10 (Apr. 25, 1997). As such, we apply a de novo standard of review. *Id.*

**{¶12}** Here, Silka entered a plea of guilty to a misdemeanor charge of OVI, which was accepted by the Ashtabula Municipal Court, relating to his conduct on November 27, 2014. He was then indicted for OVI, a felony of the third degree, arising from that same offense. Based on these facts alone, double jeopardy concerns are present. The State contends, however, that the initial conviction was void. It argues the municipal court did not have jurisdiction to accept Silka's plea to a misdemeanor offense because the ticket was sufficient to charge Silka with a third-degree felony.

**{¶13}** A municipal court's subject matter jurisdiction in felony cases is limited to any hearing prior to indictment or a hearing to determine whether probable cause exists. R.C. 1901.20(B); *see also State v. Schooler*, 2d Dist. Greene No. 2003 CA 65, 2004-Ohio-2430, ¶11. When an offender is before a municipal court on a felony charge, the court does not have jurisdiction to try or convict a defendant of any crime, including a misdemeanor. *State v. Nelson*, 51 Ohio App.2d 31, 36 (8th Dist.1977).

4

{¶14} "'[A] complaint prepared pursuant to Traf.R. 3 simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand.'" *State v. Wysin*, 11th Dist. Portage No. 2013-P-0037, 2013-Ohio-5363, ¶16, quoting *Barberton v. O'Connor*, 17 Ohio St.3d 218, 221 (1985). Additionally, "[w]hen the presence of one or more additional elements makes an offense one of more serious degree * * * [t]he affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements." R.C. 2945.75(A)(1). If it does not, the affidavit, complaint, indictment, or information is only effective to charge the least degree of the offense. *Id.*; *see also State v. Tamburin*, 145 Ohio App.3d 774, 778 (9th Dist.2001).

{¶15} Thus, a complaint is sufficient to charge a third-degree felony OVI when it indicates the offender "has been convicted of or pleaded guilty to" a felony violation of R.C. 4511.19(A), "regardless of when the violation and the conviction or guilty plea occurred." R.C. 4511.19(G)(1)(e). Silka's traffic ticket indicated that he had five prior OVIs and listed the years of those convictions. The ticket did not, however, state the degree of the offense with which he was currently being charged nor did it indicate whether any of his prior OVI convictions were felonies, as required by R.C. 2945.75(A)(1). The ticket was only effective, therefore, to charge Silka with the least degree of an OVI offense—a first-degree misdemeanor.

{¶16} In addition, Crim.R. 3 states the complaint "shall also state the numerical designation of the applicable statute or ordinance." On the traffic citation, the only

5

applicable statutes cited are R.C. 4511.19(A)(1)(a) and (h), neither of which suggest a felony charge.

{¶17} Pursuant to Crim.R. 11, the municipal court judge was required to advise appellant, prior to accepting his plea, of his charges, the potential penalties, and the consequences of his plea. We must presume the regularity of the municipal court proceedings, i.e., that the court advised appellant regarding a first-degree misdemeanor OVI, as the State has not provided a transcript for our review. *See State v. Edgell*, 11th Dist. Portage No. 2004-P-0062, 2005-Ohio-3265, ¶12, citing App.R. 9 ("An appellant has the duty to provide this court with the necessary transcripts of the record below in order to demonstrate its claimed error.").

{¶18} The State's contention is further belied by the motion to dismiss filed by the city prosecutor. In that motion, the prosecutor did not argue that the ticket properly charged a felony. To the contrary, the prosecutor stated "this case should have been filed as [a] third degree felony[.]" We agree with the trial court's observation that, if the ticket was insufficient to inform the experienced municipal court judge as to the proper degree of the charged offense, it is difficult to assume Silka understood that he was before the court on a felony offense.

{¶19} For these reasons, we agree that Silka was before the municipal court on a misdemeanor offense. The municipal court therefore had jurisdiction to accept Silka's guilty plea, and such action was not void. Jeopardy attached once the court accepted Silka's plea to the misdemeanor OVI; thus, the current felony OVI charges against Silka for the same conduct are barred by the constitutional protections against double jeopardy.

6

{¶20} The State's sole assignment of error is without merit.

{¶21} The judgment of the Ashtabula County Court of Common Pleas, dismissing the felony OVI charges against Silka, is affirmed.

COLLEEN MARY O'TOOLE, J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

_____

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

{¶22} I respectfully dissent from the majority's opinion and would reverse the judgment of the trial court, granting Silka's Motion to Dismiss felony OVI charges. Not only is reversal proper under the law, but to hold otherwise allows Silka, who has had at least six OVIs over the past twenty years, to avoid the appropriate and warranted punishment for his conduct.

{¶23} The majority's holding is based on its conclusion that the traffic ticket charging Silka did not specifically advise him of the statutory section violated or the degree of the offense. The ticket, however, was more than sufficient to put Silka on notice of the level of the offense with which he was being charged, satisfying the requirement for charging him with a felony.

{¶24} The ticket stated that Silka had five prior OVI convictions, listing the years: 1997, 2005, 2009, 2011, and 2014. A fourth-degree felony charge for OVI is proper when an offender, "within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature." R.C. 4511.19(G)(1)(d). The

7

inclusion of the years provides the necessary information to advise Silka that the five-in-twenty-years element required for a fourth-degree felony applies.

{¶25} Other courts have found a charging instrument sufficient to advise a defendant of the degree of the offense when it states the number of convictions in a given time period, i.e., the additional element necessary to increase the degree of the offense. *See State v. Varholick*, 8th Dist. Cuyahoga No. 94187, 2011-Ohio-4402, ¶ 14 (a charging instrument that listed five prior drunk driving convictions, including the date and case number was valid); *State v. Oglesby*, 5th Dist. Morrow No. CA-939, 2002-Ohio-3480, ¶ 16 (a ticket that stated "6th offense in 12 months" properly apprised defendant that the speeding offense was of a higher degree). Thus, while in these cases the tickets did not explicitly advise the defendant that the charge would be a felony, they were found to inform the defendant that this was more than a typical offense. Just as in the present case, this fulfills R.C. 2945.75(A)'s requirement to allege the additional elements that allow for an offense of a more serious degree to be charged. The only requirement for the OVI offense to become more serious in this case is the existence of multiple OVIs over a given time period.

{¶26} The fact that Silka had five OVIs in the past twenty years is more than evident from the inclusion of the years of the prior OVIs. It should be apparent to the receiver of such a ticket that this information is included for a reason, that being to demonstrate the enhancement of the offense from a misdemeanor. Otherwise, this notation would serve no purpose. While the State could avoid the problems that have arisen here by stating the level of the offense on the ticket or by appearing at

8

arraignment to clarify the situation, it does not follow that Silka was or should have been unaware of the enhancement that was to apply in this case.

{¶27} It is difficult to believe that Silka, with his multiple prior OVI convictions, would not know of the enhancements that apply to repeat OVI offenders. Based on this, it is disingenuous to presume that Silka had no knowledge of the consequences of his actions. Given his past experiences with the courts and failure to alter his behavior, allowing him to essentially get away with his conduct in this situation is improper, poses a danger to society, and is inconsistent with the foregoing authority.

{¶28} The majority finds that the municipal court's inability to determine the proper degree of the offense from the ticket makes it difficult to assume Silka understood that he was charged with a felony offense. This argument is not persuasive, as a court's possible error or oversight in reading a ticket does not render it inadequate as a charging document.

{¶29} Given that the ticket properly advised Silka that the OVI offense was enhanced, it follows that the municipal court's action was void and double jeopardy did not apply in this case. A municipal court does not have jurisdiction to accept a plea in a felony case. *State v. Schooler*, 2d Dist. Greene No. 2003 CA 65, 2004-Ohio-2430. As explained in *Schooler*, "a felony defendant may not 'be called upon to plead either at the initial appearance or at a preliminary hearing'" and a municipal court can only have subject matter jurisdiction to accept a guilty plea when the defendant is charged with a misdemeanor. *Id.* at ¶ 12, citing Crim.R. 5(A)(5). The plea should not have been accepted after completing a careful review of the ticket and the OVI notations.

9

{¶30} "[A] plea of former jeopardy cannot be based on a void judgment." (Citation omitted.) *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 14. Double jeopardy does not attach if the court convicting the defendant did not have jurisdiction. *State v. Fleming*, 11th Dist. Portage No. 96-P-0210, 1997 Ohio App. LEXIS 1701, 13-14 (Apr. 25, 1997). Thus, Silka's Motion to Dismiss should have been denied by the trial court on this procedural ground.

{¶31} Since Silka was properly advised of his felony charge, the municipal court's judgment accepting his plea to a misdemeanor was void, and the charges raised in the present case should not have been barred by double jeopardy. For these reasons, I respectfully dissent and would reverse the judgment of the lower court.