OPINION
{¶ 1} Appellant, Joseph O'Dell Large, appeals his criminal conviction and sentence by the Massillon Municipal Court. Appellant was found guilty by a jury of violating R.C. § 4511.19(A)(2). The State of Ohio is the appellee.
 {¶ 2} At approximately 1:20 AM on September 2, 2006, appellant was operating his motor vehicle in Perry Township, Stark County, Ohio. Trooper Castellanos of the Ohio State Highway Patrol was on duty and patrolling 12th Street NW when he observed appellant's vehicle traveling westbound on that street. He followed the vehicle and saw it drifting toward the center of the roadway. As it approached Perry Drive, it drove slightly into the hazard zone just before the intersection. (T. at 15.) It then made a left turn going slightly left of center as it turned south onto Perry Drive. (T. at 16.) Based upon these observations, the officer decided to investigate further and stopped the vehicle.
 {¶ 3} Upon stopping the vehicle, the officer observed appellant operating the vehicle and noticed a strong smell of alcoholic beverage coming from the vehicle. He also noticed that appellant's eyes were red, bloodshot and glassy. (T. at 19.) When appellant exited the vehicle, the officer noticed that the odor of alcoholic beverage was still present on appellant. (T. at 19.) Appellant admitted that he had been drinking. (T. at 19.) Based upon his observations and the admission of appellant, the officer decided to administer Field Sobriety tests to appellant. On every field sobriety test administered, appellant exhibited clues that he was driving while impaired and was under the influence of alcohol. (T. at 26, 29, 30.) *Page 3 
 {¶ 4} Based upon these observations, Trooper Castellanos arrested appellant for Operating a Vehicle while Impaired. Appellant subsequently refused to submit to any chemical test for the presence of alcohol in his system.
 {¶ 5} Trooper Castellanos charged appellant with OVI (M-1), a violation of O.R.C. Sec. 4511.19 (A)(1)(a), OVI (M-1) a violation of O.R.C. Sec. 4511.19 A(2) and a Marked Lane violation (M-M), O.R.C. Sec.4511.23. Appellant appeared in the Massillon Municipal Court and entered a plea of Not Guilty at his arraignment. The case was subsequently tried before a jury and appellant moved for acquittal at the close of the State's case. The trial court denied the motion. Appellant was found guilty by the jury of violating O.R.C. Sec. 4511.19 (A)(2) and was sentenced.
 {¶ 6} Appellant filed an appeal raising the following assignments of error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR ACQUITTAL.
 {¶ 8} "II. THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 9} "III. THE STATE DID NOT PROVE DEFENDANT'S PRIOR CONVICTION WITH A CERTIFIED COPY OF CONVICTION.
 {¶ 10} "IV. INTRODUCTION OF PRIOR DWI CONVICTION AND OR TEST RESULTS WAS ERROR."
 I., II. {¶ 11} Assignments of error I and II are interrelated and will be addressed together. Appellant argues his impaired conviction was not supported by the evidence. We disagree. *Page 4 
 {¶ 12} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 {¶ 13} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus. It is the same inquiry for review of a trial court's denial of a Crim.R. 29 Motion for Acquittal."
 {¶ 14} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. *Page 5 
 {¶ 15} Revised Code § 4511.19 states in pertinent part: "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply: (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them." And section two of the same code states: "No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, division (A)(1) or (B) of this section, or a municipal OVI offense shall do both of the following:
 {¶ 16} "(a) Operate any vehicle, streetcar, or trackless trolley within this state while under the influence of alcohol, a drug of abuse, or a combination of them;
 {¶ 17} "(b) Subsequent to being arrested for operating the vehicle, streetcar, or trackless trolley as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests."
 {¶ 18} The State needed to prove that appellant was operating a vehicle while under the influence of alcohol or drugs. Further, the State needed to prove that in addition to the first elements that appellant refused tests and had a prior OVI conviction within 20 years.
 {¶ 19} Trooper Castellanos testified that appellant was operating the vehicle. (T. at 18.) Further, the officer observed appellant commit a lane violation. (T. at 16.) When the officer stopped the vehicle and approached, he smelled alcohol coming from *Page 6 
the vehicle and appellant. (T. at 19.) The officer observed that appellant's eyes were "red, bloodshot and glassy." (T. at 19.) Appellant admitted he had two beers earlier. (T. at 19.) The officer administered field sobriety tests to appellant. Appellant exhibited four out of six clues on the Horizontal Gaze Nystagmus. (T. at 26.) Appellant exhibited four out of eight clues on the walk and turn test. (T. at 29.) Finally, appellant exhibited three out of four clues on the one leg stand. (T. at 30.) Trooper Castellanos then arrested appellant for OVI based on all of the foregoing information. (T. at 31.)
 {¶ 20} This evidence is sufficient when viewed in a light favorable to the prosecution and the trial court was correct in denying the Crim.R. 29 motion.
 {¶ 21} Likewise, the above evidence proves impairment and the verdict was not against the manifest weight of the evidence.
 {¶ 22} Appellant attempts to argue that the jury lost its way since it failed to find appellant guilty of impairment under R.C. §4511.19(A)(1)(a) but found appellant guilty of R.C. § 4511.19(A)(2). The second charge includes impairment with the added element of proof of a prior OVI conviction. But it is not for us to speculate about why the jury decided as it did. "The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count." See State v. Lovejoy (1997), 79 Ohio St.3d 440, 683 N.E.2d 1112, With few exceptions, once the jury has heard the evidence and the case has been submitted, the litigants must accept the jurors' collective judgment. "Courts have always resisted inquiring into a jury's thought processes." Id., 79 Ohio St.3d at 445, 683 N.E.2d 1112, quotingUnited States v. Powell (1984), 469 U.S. 57, 67, 105 S.Ct. *Page 7 
471, 83 L.Ed.2d 461. This deference to the jury "brings to the criminal process, in addition to the collective judgment of the community, an element of needed finality." Id. Accordingly, the first and second assignments of error are overruled.
 III, IV. {¶ 23} The third and fourth assignment of error relate to appellant's prior conviction. Appellant argues the State failed to prove the prior conviction because a certified copy of the conviction was not produced. Appellant also argues introduction of the conviction was error.
 {¶ 24} Trooper Castellanos testified that appellant had a prior conviction and appellant's counsel stipulated to that conviction.
 {¶ 25} "Q: And why did you charge him with the second additional charge of 4511.19A2?
 {¶ 26} "A: Being he had a prior conviction within 20 years.
 {¶ 27} "Q: Okay, I'm going to hand you what's been marked for purposes of identification State's exhibit 3, do you recognize this?
 {¶ 28} "A: It's a court copy of the citation.
 {¶ 29} "Q: Okay, it's actually the original isn't it?
 {¶ 30} "A: Yes it is.
 {¶ 31} "Q: Okay, and where was this filed?
 {¶ 32} "A: The Massillon Municipal Court.
 {¶ 33} "Q: Okay, and who does it apply to?
 {¶ 34} "A: Joseph Large.
 {¶ 35} "Q: And when was Mr. Large arrested? *Page 8 
 {¶ 36} "A: October 10, 1999.
 {¶ 37} "Q: And what for?
 {¶ 38} "A: Operating a vehicle under the influence of alcohol.
 {¶ 39} "Q: And to co-section [SIC] to that
 {¶ 40} "A: 4511.19A1, 4511.19A4.
 {¶ 41} "Q: What's A4 mean?
 {¶ 42} "A: Prohibited urine concentration.
 {¶ 43} "Q: So he took [SIC] urine test on this according to the ticket
 {¶ 44} "A: Yes
 {¶ 45} "Q: Okay, and what were the results of this test
 {¶ 46} "DEFENSE: Your Honor we stipulated to the fact that he has a prior conviction. There is no need to go any further
 {¶ 47} "COURT: Okay, did you guys stipulate?
 {¶ 48} "STATE: Well we didn't stipulate, you know, to your honor uhm but I have no problem with that if uhm. . . .
 {¶ 49} "COURT: Do you want to stipulate that he has a prior conviction in 99'?
 {¶ 50} "DEFENSE: Yes.
 {¶ 51} "COURT: Okay, there is a stipulation which means both parties agree to specific fact [SIC] so no additional information would have to be entered as to that fact and this stipulation would be that the defendant Joseph Large had a prior OVI conviction in 1999, is that what the stipulation is?
 {¶ 52} "DEFENSE: Yes." (T. at 42-43.) *Page 9 
 {¶ 53} The trial court recognized the stipulation two more times in the trial transcript. (T. 81 and 138.)
 {¶ 54} Appellant stipulated that he had a prior DUI conviction. The facts of the case sub judice are similar to State v. Abercrombie, Clermont App. No. CA2001-06-057. In Abercrombie, the court stated that stipulation is a "[v]oluntary agreement * * * concerning [the] disposition of some relevant point so as to obviate [the] need for proof[.]" Burdge v. Bd. of Cty. Commrs. (1982), 7 Ohio App.3d 356, 358,455 N.E.2d 1055, quoting Black's Law Dictionary (5th
Ed.1979) 1269. While a trial court is not required to accept a defendant's stipulation as to the existence of the convictions, neither can the defendant assign as error the acceptance of such a stipulation by the trial court after he has invited the claimed error. See State v.Matthews (Dec. 5, 1984), Allen App. No. 1-83-58.
 {¶ 55} Appellant agreed to the stipulation relative to the prior conviction. Appellant is therefore bound as to all matters of fact and law concerned in the stipulation. See State v. Folk (1991),74 Ohio App.3d 468, 471, 599 N.E.2d 334. "A party will not be permitted to take advantage of an error which he himself invited or induced the court to make." Lester v. Leuck (1943), 142 Ohio St. 91, 50 N.E.2d 145, paragraph one of the syllabus. Being invited error, appellant cannot now complain seeking to undo that error and any prejudice it may have caused him.State v. Kniep (1993), 87 Ohio App.3d 681, 686, 622 N.E.2d 1138.
 {¶ 56} The transcript shows the State was in the process of bringing in a certified copy of the conviction along with authenticating testimony when counsel stipulated. *Page 10 
Appellant's counsel cannot now argue there was error in the admission since he stipulated to the conviction on behalf of his client.
 {¶ 57} Accordingly, appellant's third and fourth assignments of error are overruled.
 {¶ 58} The judgment of the Massillon Municipal Court is affirmed.
Delaney, J., Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY *Page 11 
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Massillon Municipal Court is affirmed. Costs assessed to appellant. *Page 1