[Cite as *State v. Muetzel*, 2013-Ohio-1328.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | Case No. 12-COA-008 |
| CANDACE MUETZEL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Ashland  Municipal Court,
                             Case No. 11-TR-C-6126

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      March 25, 2013

APPEARANCES:

For Appellant:                      For Appellee:

CASSANDRA J. M. MAYER               RICHARD P. WOLFE II
234 Park Ave. West                  ASHLAND CITY LAW DIRECTOR
Mansfield, OH 44902                 1213 East Main St.
                                    Ashland, OH 44805

*Delaney, P.J.*

{¶1}   Defendant-appellant Candace H. Muetzel appeals from the January 26, 2012 Nun Pro Tunc Judgment Entry Regarding Defendant's  Motion for Acquittal or to Set Aside Verdict of the Ashland Municipal Court overruling her motion to have the jury verdict set aside or "amended."  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   Neither party references the facts underlying appellant's conviction upon one count of O.V.I, but we have reviewed the record of the extensive testimony in this case and note briefly appellant was observed driving erratically in the evening hours of August 31, 2011.   Officers described repeated "constant, consistent" left-of-center violations.   Upon being pulled over, appellant had difficulty opening her window.  Officers described her red, bloodshot eyes, slurred speech, unsteadiness on her feet, and an odor of an alcoholic beverage about her person.  An open bottle of wine and three-quarters empty, was found near the driver's seat.  Appellant exhibited a number of clues on standardized field sobriety tests which led the investigating officer to believe she was under the influence of alcohol.  Also, admitted without objection, the officer administered a portable breath test or "PBT" which also led him to believe appellant was under the influence.  Appellant refused a urine test.

{¶3}   Appellant has a prior conviction for O.V.I. in 2009.

{¶4}   Appellant was charged by uniform traffic ticket with violations of R.C. 4511.19(A)(1)(a) and 4511.19(A)(2).[1]  Appellant entered pleas of not guilty and the

---

[1] Appellant was also charged with open container, left-of-center, and seat belt violations, which were tried to the court and are not at issue here.

case proceeded to jury trial. At the close of all of the evidence, appellant moved for a judgment of acquittal pursuant to Crim.R. 29 and the motion was overruled. The trial court instructed the jury; neither party submitted any proposed or alternative jury instructions for the trial court's consideration, nor did either party object to the instructions as given.

{¶5} The jury retired to deliberate. At some point the panel indicated they had a question, and the following discussion took place in open court with the jury present:

* * * *.

THE COURT: * * * *. Members of the Jury, we have received your note here with a question and as I understand the question is, Is Charge 2 dependant (*sic*) on Charge 1, is that your question?

JUROR: Yes, Your Honor.

THE COURT: All right. The answer is, no, you may—each of these charges is separate and distinct. The Defendant may be found guilty or not guilty of one or both or none, does that answer your question?

THEREUPON, there was no audible response.

THE COURT: Okay. You can resume your deliberations.

THEREUPON, there was a recess.

* * * *.

{¶6} The jury found appellant not guilty of Count One and guilty of Count Two. The jury verdict forms are signed by all eight jurors. Appellant did not request that the

jury be polled; nor did she indicate to the trial court there was any reason not to move forward with sentencing, which then took place in the presence of the jury.

{¶7}   The record indicates a bench conference took place outside the hearing of the jury, apparently in reference to the start date of appellant's jail time versus whether she would appeal and be granted a stay.

{¶8}   The trial court thanked the jurors, released them from the admonition against discussing the case, and dismissed them.  The record notes, "[t]hereupon, the trial concluded."

{¶9}   The record then indicates defense counsel returned to the courtroom after having spoken with the jurors, and advised the trial court "they had indicated that they admit to their verdict to be to the OVI but refusal (*sic*)."  Defense counsel indicated she would file an appropriate motion and subsequently filed a Motion for Acquittal and/or Motion to Set Aside /Amend the Jury Verdict to Be In Conformity with the Jury Deliberations, asserting the jury intended to find appellant not guilty of O.V.I. and guilty of "refusing to submit to a chemical test."  The motion was accompanied by identical affidavits from several jurors, drafted by defense counsel, stating, e.g., "the intention of the jury verdict was a not guilty as to any charge related to operating a motor vehicle while under the influence of alcohol and guilty only to the specification that indicated that the defendant refused the chemical test offered to her by law enforcement."

{¶10} A hearing was held on appellant's motion, at which appellant called the jurors as witnesses over appellee's continuing objection.

{¶11} The trial court overruled appellant's motion on January 25, 2012 and issued a nunc pro tunc entry on January 26, from which appellant timely appeals.

{¶12} Appellant raises one Assignment of Error:

{¶13} "I.  THE DEFENDANT WAS DEPRIVED OF A FAIR TRIAL AND DUE PROCESS OF LAW PURSUANT TO THE CONSTITUTIONS OF THE UNITED STATES AND OHIO AS A RESULT OF THE FOLLOWING:  (A)  THE TRIAL COURT ERRED WHEN IT FAILED TO SET ASIDE THE JURY VERDICT AFTER IT WAS CLEARLY DEMONSTRATED THAT THE JURY WAS CONFUSED BY THE COMPLICATED JURY INSTRUCTIONS AND AS A RESULT, THE VERDICT FAILED TO REFLECT THE TRUE AND ACTUAL INTENTION OF THE JURY.  (B)  THE TRIAL COURT FURTHER ERRED IN DENYING DEFENDANT'S MOTION TO SET ASIDE THE JURY VERDICT BECAUSE THE TRIAL COURT'S DECISION WAS PREMISED ON FLAWED FACTUAL FINDINGS SET FORTH IN THE JUDGMENT ENTRY."

I.

{¶14} Appellant argues she was deprived of a fair trial and due process of law because the trial court refused to set aside the jury's verdict.  We disagree.

{¶15} Appellant was charged with two counts of O.V.I.  R.C. 4511.19 states in pertinent part: "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply: (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them." Section (2) of R.C. 4511.19(A) states:

No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, division (A)(1) or (B) of this section, or a municipal OVI offense shall do both of the following:

(a) Operate any vehicle, streetcar, or trackless trolley within this state while under the influence of alcohol, a drug of abuse, or a combination of them;

(b) Subsequent to being arrested for operating the vehicle, streetcar, or trackless trolley as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests.

{¶16} In order to obtain a conviction under R.C. 4522.19(A)(2), Appellee needed to prove appellant was operating a vehicle while under the influence of alcohol or drugs. Further, appellee needed to prove appellant refused tests and had a prior OVI conviction within 20 years.   The evidence in this case supports appellant's conviction upon one count of R.C. 4511.19(A)(2).

{¶17} We understand appellant attempts to make this a case about inaccurate versus inconsistent jury verdicts, but she has effectively created a manifest weight

argument, arguing essentially that the jury lost its way in reaching its verdict. Appellant uses self-serving affidavits and questions jurors as witnesses to fashion an argument the jury lost its way because appellant was found not guilty under R.C. 4511.19(A)(1)(a) yet guilty under R.C. 4511.19(A)(2). Appellant argues the jury "intended" to find her not guilty of O.V.I. but guilty of "refusing the test" however, we find this argument unavailing, not least of which because "refusing the test" is not an offense.

{¶18} As we stated succinctly in *State v. Large*, 5th Dist. No. 2006CA00359, 2007-Ohio-4685 (wherein we upheld a jury verdict finding a driver guilty of R.C. 4511.19(A)(2) but failing to find him guilty of impairment under R.C. 4511.19(A)(1)), "it is not for us to speculate about why the jury decided as it did. 'The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count. [Citation omitted.] With few exceptions, once the jury has heard the evidence and the case has been submitted, the litigants must accept the jurors' collective judgment. "Courts have always resisted inquiring into a jury's thought processes." [Citation omitted.] This deference to the jury "brings to the criminal process, in addition to the collective judgment of the community, an element of needed finality." Id. at ¶ 22.

{¶19} It is exactly such finality which is missing from a case such as the one sub judice, if the jury's decision is set aside.

{¶20} We also reject appellant's juror affidavits and testimony altogether as violations of Ohio's aliunde rule codified in Evid.R. 606(B). *State v. Mammone*, 5th Dist. No. 2012CA00012, 2012-Ohio-3546, ¶ 23-25.

{¶21} Evid. R. 606 governs competency of a juror as a witness. Subsection (B) states the following:

{¶22} "**(B) Inquiry into validity of verdict or indictment.** Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented. However a juror may testify without the presentation of any outside evidence concerning any threat, any bribe, any attempted threat or bribe, or any improprieties of any officer of the court. A juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying will not be received for these purposes."

{¶23} For these reasons, we find the trial court properly overruled appellant's motion to set aside the jury verdict.

{¶24} Appellant's sole assignment of error is overruled and the judgment of the Ashland County Municipal Court is affirmed.

By: Delaney, P.J.

Hoffman, J. and

Farmer, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER

PAD:kgb

[Cite as *State v. Muetzel*, 2013-Ohio-1328.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CANDACE MUETZEL | : | |
| | : | |
| | : | Case No. 12-COA-008 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Ashland County Municipal Court is affirmed.  Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER