[Cite as *State v. Harris*, 2017-Ohio-5594.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NOS. C-160279 |
| | | C-160280 |
| Plaintiff-Appellee, | : | C-160281 |
| | | TRIAL NOS. C-15TRC-31149A |
| vs. | : | C-15TRC-31149C |
| | | C-15TRC-31149D |
| MASON ANGILO HARRIS, JR., | : | |
| Defendant-Appellant. | : | *O P I N I O N.* |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in C-160279; Appeals Dismissed in C-160280 and C-160281

Date of Judgment Entry on Appeal: June 30, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Carrie Wood*, Assistant Public Defender, for Defendant-Appellant.

**CUNNINGHAM, Presiding Judge.**

{¶1} Defendant-appellant Mason Angilo Harris, Jr., appeals from the trial court's denial of his post-verdict motion for judgment of acquittal. In these consolidated appeals, he claims that following a jury trial, the jury returned inconsistent verdicts on two offenses of operating a vehicle under the influence of alcohol ("OVI") pursuant to R.C. 4511.19(A), and that the state failed to present evidence to establish that Harris had had a prior OVI conviction within 20 years—an element of one of the two OVI offenses. Because the two OVI charges were decided independently and separately, and one conviction was not dependent upon a finding of guilt on the other charge, and because Harris had entered into a stipulation as to his prior OVI conviction, we affirm the trial court's judgment in the appeal numbered C-160279. Because Harris abandoned his two other appeals, we dismiss them.

## I. The Traffic Stop and Jury Trial

{¶2} Officer Thomas Shreve, a Montgomery, Ohio police officer, observed a motor vehicle operated by Harris in the left-turn-only lane at the interchange of Ronald Reagan Highway and Interstate 71 northbound. Instead of turning left, however, Harris' vehicle proceeded straight through the interchange and turned onto the southbound Interstate 71 ramp. Officer Shreve stopped the vehicle.

{¶3} Officer Shreve approached the vehicle and detected the odor of alcohol coming from inside the vehicle. Harris told the officer that his driver's license was suspended and that he and his passenger had just left a local tavern where Harris had consumed two beers. Officer Shreve had Harris step from the vehicle. He smelled alcohol on Harris' person and observed that his eyes were bloodshot. When the officer asked Harris to submit to a field sobriety test, Harris declined. Harris explained, "I've been there before. You can see it on my jacket that I've been there on the DUI's [sic] and all that. I understand how it goes." Officer Shreve then placed

Harris under arrest for operating his vehicle under the influence of alcohol. At the police station, Harris also refused to submit to a breathalyzer test of his blood alcohol level.

{¶4} Officer Shreve issued a uniform traffic ticket charging Harris with four offenses: driving under a suspended license, disobeying a traffic control device, and two OVI charges. Because Harris had operated a motor vehicle under the influence of alcohol, had had a prior OVI conviction in 2015, and had refused to submit to a chemical test of his blood alcohol level, he was charged, in the case numbered C-15TRC-31149A, with operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(2). In the case numbered C-15TRC-31149B, Harris was charged with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a).

{¶5} Harris entered pleas of not guilty to the two OVI offenses and the cases proceeded to a jury trial in Hamilton County Municipal Court. At the beginning of the trial, the state offered a certified copy of Harris' prior OVI conviction and Harris did not contest its use. Officer Shreve testified about the traffic stop and Harris' refusal to submit to the breathalyzer test. Without objection, the trial court instructed the jury that:

> The defendant is charged with two separate and distinct offenses. You must consider each offense and the evidence applicable to each offense separately and you must state your verdict as to each * * * offense uninfluenced by your verdict as to each of the other offenses. The defendant may be found guilty or not guilty of any one or all two of the offenses charged.

{¶6} When the jury retired to consider its verdicts it was given the certified copy of Harris' prior OVI conviction.

{¶7} During its deliberations, the jury panel informed the court that they were unsure if they were required to consider one of the charges only if they had first found Harris guilty of the other charge. The trial court told the jury, "Well, there are two separate offenses, and I would just tell you to look at the jury instructions and it's – consider the offenses separately."

{¶8} The jury continued its deliberations and found Harris not guilty of R.C. 4511.19(A)(1)(a), and guilty of R.C. 4511.19(A)(2). The trial court thanked the jurors for their service and excused them.

{¶9} Harris immediately made an oral Crim.R. 29(C) motion for a judgment of acquittal on grounds that the verdicts were inconsistent. He maintained that if the jury had acquitted him of operating a vehicle under the influence of alcohol under R.C. 4511.19(A)(1)(a), "it was not possible that he could [commit the] operate a vehicle under the influence and refuse [offense]" as the jury had found. He concluded that, "Operating a motor vehicle under the influence is a part of the other charge, judge." The trial court denied the oral motion on the grounds that, as it had instructed the jury, the charges were separate and independent offenses.

{¶10} Within the 14-day time period provided, Harris filed a motion for a new trial pursuant to Crim.R. 33(A)(4) and renewed his motion for judgment of acquittal pursuant to Crim.R. 29(C). Each motion raised only the single issue of the sufficiency of the evidence to support the inconsistent verdicts. These motions were denied and Harris brought these appeals. [1]

## II. Inconsistent Verdicts

{¶11} In his first assignment of error, Harris contends that the trial court erred in denying his Crim.R. 29(C) post-verdict motion for judgment of acquittal on the grounds that the jury's verdicts were inconsistent. The gravamen of Harris' argument is that the jury's verdict acquitting him of driving under the influence

---

[1] Harris has not assigned the trial court's denial of his Crim.R. 33(A)(4) motion as error on appeal.

under R.C 4511.19(A)(1)(a) negated an essential element of R.C. 4511.19(A)(2) and necessitated an acquittal on that charge as well.

### a. Crim.R. 29(C) motion

{¶12} A Crim.R. 29 motion challenges whether the state has presented evidence upon which a jury could have found the defendant guilty. *See Dayton v. Rodgers*, 60 Ohio St.2d 162, 163, 398 N.E.2d 781 (1979), *overruled on other grounds*, *State v. Lazzaro*, 76 Ohio St.3d 261, 667 N.E.2d 384 (1996).

{¶13} Crim.R. 29(C) provides, in pertinent part, that:

> If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. * * * It shall not be a prerequisite to the making of such motion that a similar motion has been made prior to the submission of the case to the jury.

{¶14} Thus a Crim.R. 29(C) motion is not merely a delayed motion for judgment of acquittal. It can be used, as here, to challenge defects in the sufficiency of the evidence that only become apparent after the jury returns its verdicts. *E.g., State v. Glenn*, 1st Dist. Hamilton No. C-090205, 2011-Ohio-829, ¶ 68.

{¶15} We note as an initial matter that Harris urges this court to review this assignment of error under a plain-error standard as if he had forfeited his challenge to the inconsistent verdicts. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21. But Harris has preserved the inconsistent-verdicts issue for review. A defendant does not forfeit issues that he has raised with specificity in a timely Crim.R. 29(C) motion. Here, Harris raised the inconsistent-verdicts issue,

and only that issue, in both his oral and his written post-verdict motions for judgment of acquittal. His oral and written motions drew the trial court's attention to the alleged error at a time when the error could have been corrected or avoided. And he has assigned the denial of his post-verdict motion as error on appeal. Thus Harris has preserved the inconsistent-verdicts issue for appellate review. *See State v. Morgan*, 181 Ohio App.3d 747, 2009-Ohio-1370, 910 N.E.2d 1075, ¶ 14 (1st Dist.); *see also State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15.

{¶16} The standard for reviewing a post-verdict motion for judgment of acquittal made pursuant to Crim.R. 29(C) is identical to the standard for reviewing a motion for an acquittal made during a trial pursuant to Crim.R. 29(A). *See State v. Metcalf*, 1st Dist. Hamilton No. C-950190, 1996 WL 411620, *1 (July 24, 1996); *see also State v. Misch*, 101 Ohio App.3d 640, 650, 656 N.E.2d 381 (6th Dist.1995). On review of a Crim.R. 29(C) post-verdict motion for judgment of acquittal, a court must view the evidence in a light most favorable to the state to determine if reasonable minds could differ as to whether each material element of the crime has been proven beyond a reasonable doubt. *See State v. Callins*, 1st Dist. Hamilton No. C-930428, 1994 WL 376752, *1 (July 20, 1994), citing *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus; *but see State v. Wright*, 1st Dist. Hamilton. No. C-080437, 2009-Ohio-5474, ¶ 26 (applying the standard used to review a sufficiency-of-the-evidence claim).

### b. Inconsistent responses to different counts

{¶17} Harris maintains that because the jury acquitted him of driving under the influence of alcohol under the R.C. 4511.19(A)(1)(a) charge, there was insufficient evidence to convict him of R.C. 4511.19(A)(2). Harris maintains that he had been charged with a single offense, driving under the influence of alcohol, and that additional proof that he had refused a breathalyzer test and had had a prior OVI

6

conviction were merely facts that supported a sentencing enhancement if he had been convicted of driving under the influence in the first instance. We disagree.

{¶18} There are four types of OVI offenses described in R.C. 4511.19(A). Each constitutes a separate offense. Operation of a motor vehicle under the influence of alcohol or drugs, as proscribed in R.C. 4511.19(A)(1)(a), is the basic OVI offense. The jury found Harris not guilty of this offense.

{¶19} A conviction under R.C. 4511.19(A)(2) also requires proof beyond a reasonable doubt that the defendant operated a motor vehicle while under the influence of alcohol or drugs. But this offense is distinguished from a violation under R.C. 4511.19(A)(1)(a) because the state must also prove that the defendant refused to submit to a chemical test while under arrest for the current OVI violation and that he had a prior OVI conviction within 20 years of the current violation. *See State v. Hoover*, 123 Ohio St.3d 418, 2009-Ohio-4993, 916 N.E.2d 1056, ¶ 21. While the refusal to take a chemical test is not itself an offense, refusal is an element of this offense. *Id.* The prior OVI conviction is also an element of this offense. *Id.* It is not proved merely to enhance the available sentence, as in other OVI offenses. *See* Weiler & Weiler, *Ohio Driving Under the Influence Law*, Section 1:31 (2016); *see also State v. Leasure*, 2015-Ohio-5327, 43 N.E.3d 477, ¶ 19 (4th Dist.). The jury found Harris guilty of this offense.

{¶20} It is well settled that seeming inconsistency between verdicts on two different charges is not a basis for reversal. *See State v. Everett*, 1st Dist. Hamilton No. C-140275, 2015-Ohio-5273, ¶ 18; *see also State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 138. "A verdict responding to a designated count will be construed in the light of the count designated, and no other." *Browning v. State*, 120 Ohio St. 62, 165 N.E. 566 (1929), paragraph four of the syllabus. Thus the "several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of

inconsistent responses to different counts, but only arises out of inconsistent responses to the same count." *State v. Lovejoy*, 79 Ohio St.3d 440, 683 N.E.2d 1112 (1997), syllabus; *see Glenn*, 1st Dist. Hamilton No. C-090205, 2011-Ohio-829, at ¶ 69.

{¶21} These criminal proceedings against Harris were initiated not by indictment but by the filing of uniform traffic tickets by Officer Shreve. Each charge was the subject of a separate traffic citation. But the two operating-under-the-influence charges were tried together to the same jury much as the separate counts of an indictment would be. This is not a meaningful difference for the purposes of our analysis. *E.g., State v. Large*, 5th Dist. Stark No. 2006CA00359, 2007-Ohio-4685 (employing inconsistent-verdicts analysis to OVI offenses begun by traffic citation).

{¶22} Applying *Lovejoy*, the Fifth Appellate District has twice held that there were no reversible inconsistencies in jury verdicts that found defendants not guilty under R.C. 4511.19(A)(1)(a) yet guilty under R.C. 4511.19(A)(2)—the identical verdicts returned by Harris' jury. *See State v. Muetzel*, 5th Dist. Ashland No. 12-COA-008, 2013-Ohio-1328, ¶ 18; *see also Large* at ¶ 22. We find their reasoning to be in agreement with our analysis of inconsistent verdicts and hold that, in this case, the trial court did not err in allowing the allegedly inconsistent guilty verdict to stand. The evidence supported the conviction under R.C. 4511.19(A)(2), the court instructed the jury that the two operating-under-the-influence charges were to be decided independently and separately, and the R.C. 4511.19(A)(2) conviction was not dependent upon a finding of guilt on the other charge. *See Glenn*, 1st Dist. Hamilton No. C-090205, 2011-Ohio-829, at ¶ 71; *see also Lovejoy* at syllabus.

{¶23} A jury's verdicts need not deliver rationally consistent results in order for the verdicts to be upheld. *See State v. Adams*, 53 Ohio St.2d 223, 374 N.E.2d 137 (1978), *vacated in part on other grounds*, 439 U.S. 811, 99 S.Ct. 69, 58 L.Ed.2d 103 (1978). " '[T]his deference to the jury brings to the criminal process, in addition to

the collective judgment of the community, an element of needed finality.' " *Lovejoy*, 79 Ohio St.3d at 445, 683 N.E.2d 1112, quoting *United States v. Powell*, 469 U.S. 57, 66-67, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). As the United States Supreme Court has noted, " '[t]he most that can be said in such a case is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.' " *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932), quoting *Steckler v. United States*, 7 F.2d 59, 60 (2d Cir.1925).

{¶24} Since reasonable minds could differ as to whether each material element of the crime charged has been proven beyond a reasonable doubt, the trial court properly denied Harris' Crim.R. 29(C) motion challenging the inconsistent verdicts. *See Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184, at syllabus.

### III. Verdict-Form and Jury-Instruction Errors

{¶25} Harris next claims, still under his first assignment of error directed at the denial of his Crim.R. 29(C) motion, that the trial court gave erroneous instructions and submitted a deficient verdict form to the jury on the R.C. 4511.19(A)(2) charge. We note that these alleged errors were not brought to the trial court's attention before the jury retired to consider its verdicts. *See* Crim.R. 30(A). They were not specified in Harris' oral or written post-verdict motions. Nor are they separately challenged in these appeals. But Harris now urges us to review them as errors affecting the trial court's denial of his Crim.R. 29(C) motion. We disagree.

{¶26} Crim.R. 29 provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." Thus the sole purpose of a Crim.R. 29 motion is to test the sufficiency of the evidence and, when that evidence is insufficient, to take the case from the jury. *See Rodgers*, 60 Ohio St.2d at 163, 398 N.E.2d 781; *see also State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 22-23; 2A

Wright, *Federal Practice and Procedure: Criminal*, Section 466 (4th Ed.2016) (construing identical language in Fed.R.Crim.P. 29).

{¶27}  The errors advanced by Harris questioning the jury instructions or verdict form challenge trial errors allegedly committed by the trial court after the state had rested its case.  The errors do not challenge the sufficiency of the evidence adduced by the state.  Thus a Crim.R. 29 motion is not the proper vehicle for raising them.  *See State v. Porter*, 9th Dist. Summit No. 15511, 1992 WL 308528, *2 (Oct. 21, 1992); *see also United States v. Crowe*, 563 F.3d 969 (9th Cir.2009), fn. 5 (holding that a motion for judgment of acquittal is not the proper vehicle for challenging jury instructions); *United States v. Chujoy*, 207 F.Supp.3d 626 (W.D.Va.2016); *United States v. Williams*, 218 F.Supp.3d 730 (N.D.Ill.2016).

{¶28}  Ordinarily if a trial court has given a prejudicial jury instruction or verdict form, the appropriate remedy is the granting of a new trial.  *E.g., State v. Duncan*, 154 Ohio App.3d 254, 2003-Ohio-4695, 796 N.E.2d 1006 (1st Dist.).  But because a conviction based on legally insufficient evidence constitutes a denial of due process, retrial is barred if a motion for judgment of acquittal is granted.  *See State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997).  Thus even if this court agreed that the instructions or verdict form were defective, we lack the authority to grant the appropriate relief under Crim.R. 29(C).

{¶29}  Harris has not demonstrated how the jury instructions or verdict form affected the sufficiency of the state's evidence.  Since the alleged errors had no impact on the sufficiency of the state's evidence, we overrule the remainder of Harris' first assignment of error.  *See Rodgers*, 60 Ohio St.2d at 163, 398 N.E.2d 781; *see also Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184, at syllabus.

### IV. Harris' Prior OVI Conviction

{¶30}  In his second assignment of error, Harris again argues that the trial court erred in denying his Crim.R. 29(C) post-verdict motion for judgment of

acquittal. In this instance, he maintains that the state failed to present "any" evidence to establish that Harris had had a prior OVI conviction within 20 years—an element of the offense of driving under the influence of alcohol as charged under R.C. 4511.19(A)(2).

{¶31} This argument is properly directed at the sufficiency of the state's proof at trial and is thus cognizable under Crim.R. 29(C). But the alleged error was not the subject of Harris' Crim.R. 29(C) post-verdict motion for judgment of acquittal. Harris challenged only the inconsistent verdicts in that motion.

{¶32} If a defendant sets forth specific grounds in his motion for judgment of acquittal, he forfeits review of all grounds not specified. *See State v. Cayson*, 8th Dist. Cuyahoga No. 72712, 1998 WL 241949, *2 (May 14, 1998), citing *United States v. Dandy*, 998 F.2d 1344, 1356-1357 (6th Cir.1993) (holding that "[a]lthough specificity of grounds is not required in a Rule 29 motion, * * * all grounds not specified are waived"); *see also State v. Swanner*, 4th Dist. Scioto No. 00CA2732, 2001 WL 548719 (May 18, 2001); *State v. Payne*, 8th Dist. Cuyahoga No. 92976, 2010-Ohio-2459, ¶ 15; *State v. Pruiett*, 9th Dist. Summit No. 21889, 2004-Ohio-4321, ¶ 26.

{¶33} Because Harris set forth a specific ground as the basis of his Crim.R. 29(C) motion—inconsistent verdicts—but did not include the prior-OVI-conviction argument, he has forfeited all but plain error on that issue. Thus we will not sustain the assignment of error unless the trial court's denial of the motion on that basis was so extreme that it affected the outcome of the trial and must be corrected to prevent a manifest miscarriage of justice. *See Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 22-23.

{¶34} Harris argues that while the state moved a certified copy of a judgment entry from Clermont County, dated February 13, 2015, convicting "Mason Angilo Harris, Jr." of an OVI offense into evidence as an exhibit, it nonetheless failed to

present evidence sufficient to identify the person named in that entry as Harris—the offender in this case. *See* R.C. 2945.75(B)(1). Harris does not claim that the Clermont County document is not a judgment entry as defined in Crim.R. 32(C). Rather he maintains that the state did not have "any witness testify about that entry or identify [Harris] as the same Mason Angilo Harris, Jr." convicted in Clermont County.

{¶35} But Harris' argument is disingenuous at best in light of his in-court stipulation to the prior conviction and his other actions at trial. The method of proving a prior conviction set forth in R.C. 2945.75(B)(1) is not the only means available to the state to carry its burden of proof. *See State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, 982 N.E.2d 626, paragraph one of the syllabus. An offender's stipulation that he has the prior conviction satisfies the state's obligation of proof. *See id.* at ¶ 14; *see also State v. Waheed*, 1st Dist. Hamilton No. C-150254, 2016-Ohio-2951, ¶ 6.

{¶36} Here, immediately before the opening statements and outside the presence of the jury, Harris' defense counsel, the assistant prosecuting attorney, and the trial court discussed the admission into evidence of Harris' prior OVI conviction as reflected by the Clermont County judgment entry.

THE COURT: Are there any stipulations about that prior or are we good: how is this going to work?

ASSISTANT PROSECUTING ATTORNEY: We're going to enter the records.

THE COURT: Okay. Is there going to be a stipulation as to that? I'm just asking.

DEFENSE COUNSEL: I would love to. I think [the assistant prosecuting attorney] wants to -- she actually wants to put it in the record.

THE COURT: Oh, okay. I'm just checking.

ASSISTANT PROSECUTING ATTORNEY: My understanding is there won't be an objection to the record.

THE COURT: I'm just checking.

{¶37} Harris and his counsel remained silent and did not challenge the stipulation. The jury was then brought into the courtroom and the trial began with opening statements. Agreements, waivers, and stipulations made by a defendant, or by his counsel in his presence, in open court are binding and enforceable. *See State v. Post*, 32 Ohio St.3d 380, 393, 513 N.E.2d 754 (1987), citing *State v. Robbins*, 176 Ohio St. 362, 199 N.E.2d 742 (1964).

{¶38} Moreover, Harris' other actions in the trial court confirm that he understood that he had stipulated to the prior OVI conviction. We note that the uniform traffic ticket that Officer Shreve executed to begin this prosecution named the offender as "Mason Angilo Harris, Jr." The state had notified the prospective jurors, at voir dire, that "you will hear evidence that the defendant was convicted of an OVI on February 13th, 2015." Harris did not contest this statement.

{¶39} Moments after the stipulation discussion, the state informed the jury, in its opening statement, that "[i]n this case you will hear evidence that the defendant * * * had a prior OVI conviction on February 13th of 2015." Harris did not object, seek a curative instruction, or move for a mistrial. Harris' defense counsel then informed the jury, in his opening statement, that "Mr. Harris has had a DUI in the past."

{¶40} Based upon the foregoing exchanges, we hold that Harris had entered into a stipulation as to the authenticity and admissibility of the certified copy of the

February 13, 2015 Clermont County judgment entry as proof of his prior OVI conviction. *See Waheed*, 1st Dist. Hamilton No. C-150254, 2016-Ohio-2951, at ¶ 10. In light of that stipulation and Harris' acknowledgement of the prior OVI conviction in open court, reasonable minds could have reached different conclusions as to whether the prior-conviction element of the charged crime had been proved beyond a reasonable doubt. *See* R.C. 4511.19(A)(2). Thus the trial court did not err, much less commit plain error, in failing to grant Harris' Crim.R. 29(C) motion for judgment of acquittal. *See Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184, at syllabus.

{¶41} The second assignment of error is overruled.

### V. Harris Abandons Other Appeals

{¶42} Harris has sought appellate review of two additional judgments entered against him in the trial court, for driving with a suspended license, and for disobeying a traffic control device, as charged in the cases numbered C-15TRC-31149C and C-15TRC-31149D. But Harris has failed to raise any assignments of error challenging those judgments. Therefore we must dismiss those appeals.

{¶43} On direct appeal, this court is limited to determining the merits of any appeal "on the assignments of error set forth in the briefs." App.R. 12(A)(1)(b). Thus to receive consideration on appeal, trial court errors must be raised by assignment of error and must be argued and supported by legal authority and citation to the record. *See* App.R. 16(A); *see also State v. Perez*, 1st Dist. Hamilton Nos. C-040363, C-040364 and C-040365, 2005-Ohio-1326, ¶ 21-23. Since Harris has failed to take these actions with respect to these judgments, we dismiss the appeals numbered C-160280 and C-160281. *See Perez* at ¶ 24.

14

### VI. Conclusion

{¶44}   Accordingly, having overruled both of Harris' assignments of error, we affirm the trial court's judgment in the appeal numbered C-160279.  Because Harris has abandoned his other appeals, we dismiss the appeals numbered C-160280 and C-160281.

Judgment accordingly.

**MYERS** and **Deters, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

15