[Cite as *State v. Jones*, 2013-Ohio-5231.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25723 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CRB-9298 |
| v. | : | |
| | : | |
| ERIC L. JONES | : | (Criminal Appeal from |
| | : | Dayton Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of November, 2013.

. . . . . . . . . . .

JOHN DANISH, Atty. Reg. #0046639, and STEPHANIE COOK, Atty. Reg. #0067101, by
SHAUNA HILL, Atty. Reg. #0074569, Dayton City Prosecutor's Office, 335 West Third Street,
Room 372, Dayton, Ohio 45402
  Attorneys for Plaintiff-Appellee

MICHAEL H. HOLZ, Atty. Reg. #0031902, 507 Wilmington Avenue, Suite 2, Dayton, Ohio
45420
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

  **{¶ 1}** Eric Jones appeals his conviction for assault, under R.C. 2903.13(A). There are
no issues with arguable merit for review, so we affirm.

# THE TRIAL

**{¶ 2}** The complaining witness, Gabrielle Reynolds, testified that the defendant was her mother's boyfriend. He had borrowed her mother's car, and on November 11, 2012, she went to the parking lot of the Wentworth Apartment building, where the defendant lived, in order to retrieve the car. (Tr. 4). Reynolds was with Kenneth Oldham, her former boyfriend, and they arrived in his truck. As she approached her mother's parked car, the defendant got out. Reynolds testified: "He ran around Kenneth's truck. Arms out stretched. Grabbed me by my throat. Hit me in the chest. And the impact knocked me backwards. He fell on top of me and proceeded to hit me." (*Id*. at 6). She also said: "My head was bleeding in three different spots. I had a scratch on my neck and my chest was bruised." (*Id*. at 8).

**{¶ 3}** Reynolds had arranged to meet her friend Sheena Robinson at the parking lot in the event that Reynolds needed a ride home because the car had to be towed. Robinson testified that when she arrived "Eric came running around the truck and grabbed Gabrielle and pushed her back and then he started to hit her." (*Id*. at 30). That night, Robinson saw "scratches on her [Reynolds's] neck. She had like a scratch here. It was bleeding right here. And she was talking about how her ribs and chest was hurting." (*Id*. at 34).

**{¶ 4}** A Dayton police officer took a report from Reynolds. He testified: "She had a small laceration on the left side of her face and a small cut above her right eye. I also noticed some scratches on her * * * right where her chest meets her neck." (*Id*. at 41).

**{¶ 5}** The defense called Kenneth Oldham as a witness. He is the defendant's cousin. (Tr. 51). Oldham said, "I seen them collide. And they was on the ground. That's the next thing I know." (*Id*. at 57). He did not see the defendant hitting Gabrielle, (*id*.), but he agreed that the defendant was the one who approached her. (*Id*. at 60). The defendant did not testify.

{¶ 6}     The trial court found the defendant guilty and imposed a 180 day suspended jail sentence, placed him on probation, fined him $100, and assessed him $111 in court costs.

{¶ 7}     The defendant appealed.

{¶ 8}     Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for our review. Counsel identified three potential issues for consideration: the conviction is not supported by sufficient evidence, the verdict is against the manifest weight of the evidence, and Jones received ineffective assistance of trial counsel because trial counsel failed to make a Crim.R. 29 motion at the close of the State's case. Appellate counsel concluded, however, that raising any of these issues would be wholly frivolous. We notified Jones of the *Anders* filing and advised him of his right to file his own brief. He has not done so.

## THE POTENTIAL ASSIGNMENTS OF ERROR

{¶ 9}     When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist. 2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 10}     Our analysis is different when reviewing a manifest-weight argument. When a

conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983). A judgment should be reversed as being against the manifest weight of the evidence "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Martin* at 175.

{¶ 11} With the foregoing standards in mind, we first determine that a sufficiency-of-the-evidence argument lacks arguable merit. R.C. 2903.13(A) provides: "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." Here the evidence is essentially uncontested. Although we observe minor inconsistencies between witnesses, the essential facts from the testimony we quoted undoubtedly are sufficient to constitute the offense of assault.

{¶ 12} We reach a similar conclusion with regard to the second potential assignment of error, challenging the manifest weight of the evidence. The three witnesses who were present in the parking lot all testified that there was a physical confrontation between the defendant and the victim. Two of them testified to the victim's injuries, as did the police officer who observed her after the event. There is simply no contrary evidence to weigh against this testimony. The record fails to persuade us of any reasonable argument that this is an exceptional case in which the trial court lost its way. Accordingly, a weight-of-the-evidence argument does not have arguable merit

either.

{¶ 13}   The third potential assignment of error questions whether it was ineffective assistance for trial counsel not to make a Crim.R. 29 motion for judgment of acquittal at the close of the State's case. "Failure to move for an acquittal under Crim.R. 29 is not ineffective assistance of counsel where the evidence in the State's case demonstrates that reasonable minds can reach different conclusions as to whether the elements of the charged offense[s] have been proved beyond a reasonable doubt, and that such a motion would have been fruitless." *State v. Poindexter*, 2d Dist. Montgomery No. 21036, 2007-Ohio-3461, ¶ 29. In this case not only is the evidence sufficient for a conviction but it is also essentially undisputed. On a Crim.R. 29 motion the trial court must view the evidence in a light most favorable to the State. On this record, it is inconceivable that such a motion would have been successful. Therefore no reasonable argument can be made that trial counsel was ineffective for not making the motion. The third potential assignment of error lacks arguable merit.

### *ANDERS* REVIEW

{¶ 14}   We performed our independent duty, under *Anders v. California*, to review the record and determine if there are any potential assignments of error with arguable merit. We found none.

{¶ 15}   The judgment of the trial court is affirmed.

. . . . . . . . . . . . .


DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

John Danish
Stephanie Cook
Shauna Hill
Michael Holz
Hon. Christopher D. Roberts