[Cite as *State v. Rosa*, 2014-Ohio-2764.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 100324 and 100325**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDITO M. ROSA

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeals from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-571929 and CR-13-572712-A

**BEFORE:** Boyle, A.J., Celebrezze, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 26, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY: Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Amy Venesile
Assistant County Prosecutor
1200 Ontario Street, 9th Floor
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} In this consolidated appeal, defendant-appellant, Edito Rosa, appeals his convictions in two cases, raising the following two assignments of error:

> I. Trial counsel provided ineffective representation by failing to request a more specific bill of particulars and by failing to challenge the charging instrument used in the case.
>
> II. Mr. Rosa's right to due process was violated where the trial court found him guilty of breaking and entering where the evidence was insufficient to support such a conviction.

{¶2} Finding no merit to the appeal, we affirm.

Procedural History and Facts

{¶3} In March 2013, Rosa was indicted in two separate cases for alleged criminal activity occurring on the same day but in two separate locations involving his ex-girlfriend, the victim. In Cuyahoga C.P. No. CR-13-571929, the grand jury returned a five-count indictment: breaking and entering in violation of R.C. 2911.13(B); violating a protective order in violation of R.C. 2919.27(A)(1); menacing by stalking in violation of R.C. 2903.211(A)(1); criminal damaging in violation of R.C. 2909.06(A)(1); and telecommunication harassment, in violation of R.C. 2917.21(A)(5). In Cuyahoga C.P. No. CR-13-572712, Rosa was also indicted on another five counts: burglary in violation of R.C. 2911.12(A)(3); violating a protective order in violation of R.C. 2919.27(A)(1); criminal damaging in violation of R.C. 2909.06(A)(1); menacing by stalking in violation of R.C. 2903.211(A)(1), and telecommunication harassment in violation of R.C. 2917.21(B).

**{¶4}** Rosa pleaded not guilty to all the charges and waived his right to have the case heard by a jury. The two cases were consolidated for trial and proceeded to a bench trial where the following evidence was presented.

**{¶5}** In January 2012, the victim, who had dated Rosa for approximately two years, obtained an order of protection against him after he "shot up" her car with an AK47. The order of protection was in effect on February 16, 2013 — the day of the events giving rise to the charges filed against Rosa in the underlying cases.

**{¶6}** The victim testified that on February 16, 2013, she received several phone calls and text messages from Rosa while she was working at Hillcrest Hospital in Mayfield Heights. According to the victim, Rosa blamed her for an incident that occurred two weeks earlier when the police visited Rosa's home and impounded his car and dog after the victim reported his threat "to shoot up the Second District." The victim ultimately learned that Rosa had arrived at her employment during the last call that she answered from him. The victim testified that Rosa ranted, "you think I'm playing with you? You think I'm f'ing playing with you? You owe me money. You're going to give me my money." The victim further testified that "all of a sudden, I heard a real loud crash and I knew he was doing something to my car." The victim ran to her car in the hospital parking garage and observed Rosa driving away. The two windows on the driver's side of her car had been smashed and a golf club was found in the car. Rosa reported the incident to the Mayfield Heights police and then went home.

**{¶7}** Later on that same day, after the victim had returned home to her apartment in Strongsville, she was walking out to her vehicle when she observed Rosa by her car with a knife, slashing her tires. The victim immediately ran back to her apartment and called 911.

**{¶8}** The trial court acquitted Rosa of the burglary count pertaining to Rosa's actions at the hospital in Cuyahoga C.P. No. CR-13-572712. The trial court also acquitted Rosa of the criminal damaging count in Cuyahoga C.P. No. CR-13-572712, wherein the indictment erroneously identified the tires having been slashed at the hospital as opposed to the windows broken. The trial court, however, found Rosa guilty of the remaining counts and imposed a concurrent sentence of two years in prison.

**{¶9}** Rosa appeals, raising two assignments of error.

<u>Ineffective Assistance of Counsel</u>

**{¶10}** In his first assignment of error, Rosa argues that his trial counsel was ineffective by failing to request a more specific bill of particulars and by failing to challenge the indictment.

**{¶11}** To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v.*

*Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶12} Rosa argues that the state overcharged him in two separate indictments — asserting separate offenses for the same conduct — and that his trial counsel should have moved for dismissal or, at the minimum, requested a more specific bill of particulars to identify the underlying felony supporting the felony counts of violating a protective order. According to Rosa, his trial counsel erroneously "focused her attention on the underlying burglary and breaking and entering counts, evidently assuming that those felonies provided the basis for the protection order enhancements," while ignoring the menacing by stalking counts, both of which would also enhance the protection order violations to a felony. We find Rosa's arguments unpersuasive.

{¶13} While we acknowledge that the bill of particulars failed to identify the specific felony that Rosa committed while violating a protective order, an element that elevates the offense from a misdemeanor to a felony, we cannot say that the defense counsel's failure to request clarification in this case prejudiced Rosa. Contrary to Rosa's assertion, the record reveals that defense counsel challenged all of the separately indicted felonies that could have supported the violating a protective order counts, including the menacing by stalking count in each case. Specifically, defense counsel argued that the menacing by stalking count was only a misdemeanor offense because the furthermore clause stating that Rosa was trespassing at the time of the offense was not proven by the state. Based on the discovery exchanged in the case, defense counsel's

cross-examination of the victim, as well as defense counsel's stated arguments at trial, we simply cannot agree that Rosa or his trial counsel did not know the nature of the charges against him or the state's evidence in support. *See State v. Robinson*, 2d Dist. Greene No. 2013-CA-33, 2014-Ohio-1663 (trial counsel's failure to obtain bill of particulars did not support ineffective assistance of counsel claim due to lack of prejudice).

{¶14} As for the state improperly identifying the victim's tires being slashed in support of both criminal damaging counts, we still find no prejudice because the trial court granted Rosa's Crim.R. 29 motion with respect to the improperly charged count in Cuyahoga C.P. No. CR-13-572712. We further note that the other charges in each case arose out of different conduct occurring at different locations and therefore supported the separately charged offenses in each case.

{¶15} Thus, given that Rosa has failed to demonstrate a reasonable probability that the proceedings would have been different had his trial counsel requested a more specific bill of particulars or moved to dismiss the indictment, we find no merit to his ineffective assistance of counsel claim. The first assignment of error is overruled.

## Sufficiency of the Evidence

{¶16} In his second assignment of error, Rosa argues that the state failed to present sufficient evidence to support a conviction of breaking and entering.

{¶17} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. When an appellate court reviews a record upon a sufficiency

challenge, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. Applying this standard, the state clearly met its burden of production.

{¶18} Rosa was convicted of a single count of breaking and entering, a violation of R.C. 2911.13(B), which provides that "[n]o person shall trespass on the land or premises of another, with purpose to commit a felony." He argues that the state failed to prove the trespass element to support the conviction.

{¶19} R.C. 2911.21 governs trespass and provides in pertinent part that "[n]o person, without privilege to do so, shall * * * knowingly enter or remain on the land or premises of another."

{¶20} Relying on this court's decision in *State v. Whitfield*, 8th Dist. Cuyahoga No. 71650, 1997 Ohio App. LEXIS 4648 (Oct. 16, 1997). Rosa argues that his presence onto a parking lot open to the public does not satisfy the definition of trespass. In *Whitfield*, the defendant entered a public park during the park's regularly posted hours and therefore the defendant's entry was lawful and privileged. The *Whitfield* court observed that the defendant's decision to commit a felony once there "does not convert his otherwise lawful entry into an unlawful trespass." *Id.* at *8.

**{¶21}** In this case, however, Rosa entered the private lot of the victim's apartment complex. The state presented evidence that the lot was a private lot — not public — available only for the apartment complex tenants and their visitors. Here, Rosa was neither a tenant nor visitor at the time that he entered the parking lot. Furthermore, the state presented evidence that Rosa was subject to an order of protection that expressly prohibited him from entering the victim's residence, including the parking lot at this location. Construing this evidence in a light most favorable to the state, we find that the state presented sufficient evidence of the element of trespass.

**{¶22}** We find this case to be more analogous to this court's earlier decision in *State v. Delgado*, 8th Dist. Cuyahoga No. 60574, 1992 Ohio App. LEXIS 2268 (Apr. 30, 1992), which recognized that the defendant was trespassing when he entered a parking lot where he had no privilege to be. In *Delgado*, the defendant entered a university parking lot that was restricted to students, faculty, or staff. Since the defendant did not fall into either category, the defendant was a trespasser on the lot. Similarly, Rosa did not have privilege to enter the private parking lot of the victim's apartment complex and therefore was trespassing thereon.

**{¶23}** The second assignment of error is overruled.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
MELODY J. STEWART, J., CONCUR