[Cite as *State v. Stuckey*, 2022-Ohio-4145.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

RONALD E. STUCKEY,

    DEFENDANT-APPELLANT.

CASE NO. 4-22-04

O P I N I O N

Appeal from Defiance County Common Pleas Court
Trial Court No. 20 CR 13873

**Judgment Affirmed**

**Date of Decision: November 21, 2022**

APPEARANCES:

    *Kenneth R. Bailey* for Appellant

    *Russell R. Herman* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Ronald D. Stuckey ("Stuckey") appeals the judgment of the Defiance County Court of Common Pleas, alleging that he was denied his right to the effective assistance of counsel. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} Kerisha Sharp ("Sharp") is the mother of M.W. Tr. 87. At the times relevant to this case, Stuckey was married to Sharp's mother. Tr. 88. On weekends in between July and September of 2019, M.W. went to spend time at her grandmother's house where Stuckey lived. Tr. 88, 154, 157. In September of 2019, Sharp noticed that M.W. seemed "real depressed," was "crying randomly," and was "just being anti-social." Tr. 89. Sharp then sought counseling for M.W. Tr. 93. After M.W. expressed thoughts of self-harm, she was brought to a hospital for examination. Tr. 90. At the hospital, M.W. told Sharp that Stuckey had touched her inappropriately on multiple occasions while she was at his house. Tr. 93, 158. On September 30, 2019, M.W. reported Stuckey to her counselor. Tr. 94.

{¶3} On February 7, 2020, Stuckey was indicted on five counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree. Doc. 1. On December 9, 2021, these charges were tried before a jury. Tr. 1. Both Stuckey and M.W. testified at trial. Tr. 125, 190. On December 10, 2021, the jury found Stuckey guilty of three charges of gross sexual imposition. Doc. 35-39. The

jury acquitted Stuckey of the remaining two charges of gross sexual imposition. Doc. 35-39. The trial court issued its judgment entry of sentencing on February 14, 2022. Doc. 42.

{¶4} Stuckey filed his notice of appeal on March 9, 2022. Doc. 46. On appeal, he raises the following two assignments of error:

**First Assignment of Error**

**Defense counsel falls below the standard for the effective assistance of counsel by failing to file a Rule 29 Motion where the evidence is insufficient to support a conviction.**

**Second Assignment of Error**

**Defense counsel falls below the standard of effective assistance of counsel by failing to require the State to make the counts of an indictment distinguishable through a bill of particulars or discovery.**

*First Assignment of Error*

{¶5} Stuckey argues that his counsel was ineffective for failing to make a Crim.R. 29 motion at trial.

Legal Standard

{¶6} "Under Ohio law, 'a properly licensed attorney is presumed to carry out his duties in a competent manner.'" *State v. Harvey*, 3d Dist. Marion No. 9-19-34, 2020-Ohio-329, ¶ 57, quoting *State v. Gee*, 3d Dist. Putnam No. 12-92-9, 1993 WL 270995 (July 22, 1993). "For this reason, the appellant has the burden of proving that he or she was denied the right to the effective assistance of counsel." *State v.*

*Cartlidge*, 3d Dist. Seneca No. 13-19-44, 2020-Ohio-3615 ¶ 39. "In order to prove an ineffective assistance of counsel claim, the appellant must carry the burden of establishing (1) that his or her counsel's performance was deficient and (2) that this deficient performance prejudiced the defendant." *State v. McWay*, 3d Dist. Allen No. 1-17-42, 2018-Ohio-3618, ¶ 24, quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶7} In order to establish deficient performance, the appellant must demonstrate that trial "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. Morrissey*, 2022-Ohio-3519, --- N.E.3d ---, ¶ 26 (3d Dist.), quoting *Strickland* at 687. "Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance." *McWay* at ¶ 24, quoting *State v. Pellegrini*, 3d Dist. Allen No. 1-12-30, 2013-Ohio-141, ¶ 40.

{¶8} "In order to establish prejudice, 'the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.'" *State v. Berry*, 3d Dist. Union No. 14-20-05, 2021-Ohio-1132, ¶ 122, quoting *State v. Bibbs*, 2016-Ohio-8396, 78 N.E.3d 343, ¶ 13 (3d Dist.). If the appellant does not establish one of these two prongs, the appellate court does not need to consider the facts of the case under the other prong of the test. *State v. Baker*, 3d Dist. Allen No. 1-17-61, 2018-Ohio-3431, ¶ 19, citing *State v. Walker*, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20 (3d Dist.).

Legal Analysis

**{¶9}** Stuckey argues that his convictions were not supported by sufficient evidence and that his counsel was, therefore, ineffective for failing to make a Crim.R. 29 motion at trial. "A Crim.R. 29 motion challenges whether the state has presented evidence upon which a jury could have found the defendant guilty." *State v. Harris*, 2017-Ohio-5594, 92 N.E.3d 1283, ¶ 12 (1st Dist.). Crim.R. 29(A) reads, in relevant part, as follows:

> **The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.**

Crim.R. 29(A). Appellate courts apply a sufficiency-of-the-evidence standard when examining challenges involving Crim.R. 29 motions. *State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86, ¶ 27 (3d Dist.).

**{¶10}** A challenge to the sufficiency of the evidence supporting a conviction "is a question of law and a 'test of adequacy rather than credibility or weight of the evidence.'" *State v. Beaver*, 3d Dist. Marion No. 9-17-37, 2018-Ohio-2438, ¶ 40, quoting *State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19. The applicable standard

> **is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that**

Case No. 4-22-04

> **the essential elements of the crime were proven beyond a reasonable doubt.**

*State v. Brown*, 3d Dist. Hancock No. 5-17-19, 2018-Ohio-899, ¶ 8, quoting *State v. Plott*, 2017-Ohio-38, 80 N.E.3d 1108, ¶ 73 (3d Dist.).

> **Failure to move for an acquittal under Crim.R. 29 is not ineffective assistance of counsel, where the evidence in the state's case demonstrates that reasonable minds can reach different conclusions as to whether the elements of the charged offense have been proved beyond a reasonable doubt, and that such a motion would have been fruitless.**

*State v. Schlosser*, 3d Dist. Union No. 14-10-30, 2011-Ohio-4183, ¶ 35, quoting *State v. Giddens*, 3d Dist. Allen No. 1-02-52, 2002-Ohio-6148, ¶ 27. *See also State v. Jones,* 2d Dist. Montgomery No. 25723, 2013-Ohio-5231, ¶ 13.

**{¶11}** In order to prove a defendant committed the offense of gross sexual imposition in violation of R.C. 2907.05(A)(4), (1) "ha[d] sexual contact with another, not the spouse of the offender * * *" and (2) "the other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person." R.C. 2907.05(A)(4). R.C. 2907.05(A)(4). Further, R.C. 2907.01(B) defines "sexual contact" as

> **any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.**

R.C. 2907.01(B)(1). Thus, "[t]hrough the definition of sexual contact in R.C. 2907.01(B), gross sexual imposition as described in R.C. 2907.05(A)(4) requires

proof of touching 'for the *purpose* of sexually arousing or gratifying either person.'"

(Emphasis sic.) *State v. Dunlap*, 129 Ohio St.3d 461, 2011-Ohio-4111, 953 N.E.2d

816, ¶ 25, quoting R.C. 2907.01(B).

{¶12} At trial, M.W. testified that she was eleven in between July and

October of 2019 and that she was frequently at Stuckey's house during the weekends

in that timeframe. Tr. 126-127, 158. She then testified as to the following:

> **[W]hen I would get dropped off, Ron would only try to hug me * * *. And then when we were in the house, he has his computer in the living room in the far * * * back on the right side and then he has his chair, his computer, and his little table and he played this farm simulator game. And when I would ask to play or if anyone would ask to play, we would have to sit on his lap because he didn't like his computer being left alone or whatever * * *. And when I would be playing a game, he would have his hand on my leg like around my vagina area. It would either be on it or like real close to it.**

Tr. 128-129. The State then asked M.W. questions about the timing of these

incidents. She stated that "it happened like throughout the two or three months, but

like it would happen throughout the day * * *." Tr. 132. She affirmed that Stuckey

inappropriately touched her vaginal area "a number of times * * *." Tr. 133. She

reported that Stuckey would inappropriately touch her vaginal area "sometimes

throughout the day" and that "it would happen multiple times." Tr. 133. M.W.

specified that Stuckey never put his hands under her clothing and never asked that

she touch him. Tr. 150-151.

{¶13} Further, in addition to her testimony about Stuckey repeatedly touching her vaginal area, M.W. identified three specific incidents that occurred in between July and September of 2019. Doc. 1. First, M.W. testified that, "once or twice," Stuckey did not just touch her vaginal area but "tried to rub it." Tr. 129. *See* Tr. 149, 157. Second, M.W. then stated that, on one specific occasion, Stuckey "tried to kiss me like out of nowhere and I blocked it with my hand." Tr. 129. *See* Tr. 149. She further explained that Stuckey attempted to kiss her on the lips. Tr. 160. Third, M.W. then stated that, on yet another occasion, Stuckey was wearing a robe but no other clothing; that she was "sitting like on the arm of his recliner playing a game"; that "he moved his robe over"; and that this exposed "his private area" to her. Tr. 130. *See* Tr. 149, 161. After hearing this testimony, the jurors found Stuckey guilty of three counts of gross sexual imposition.

{¶14} In this case, M.W.'s testimony detailed at least three specific incidents that that occurred on days that she was with Stuckey in between July and September of 2019. Tr. 149. She also testified that, on the days that she was with Stuckey in this timeframe, he would touch her vaginal area multiple times throughout the day. Tr. 132-133. The details of these specific incidents coupled with the testimony about Stuckey touching her vaginal area provide some evidence that Stuckey had sexual contact with a person under the age of thirteen on at least three occasions. Having reviewed the evidence in the record in a light most favorable to the prosecution, we conclude that M.W.'s testimony provided sufficient evidence to

substantiate each of the essential elements for three convictions of gross sexual imposition.

{¶15} In conclusion, since Stuckey's convictions for gross sexual imposition are supported by sufficient evidence, he cannot demonstrate that the outcome of this proceeding would have been different had his counsel made a Crim.R. 29 motion. Thus, in the absence of showing such prejudice, he has not carried the burden of establishing an ineffective assistance of counsel claim. For this reason, Stuckey's first assignment of error is overruled.

*Second Assignment of Error*

{¶16} Stuckey argues that his counsel was ineffective for failing to demand a more specific bill of particulars from the State. He also argues that the jurors entered convictions that were against the weight of the evidence.

Legal Standard

{¶17} We herein reincorporate the legal standard governing ineffective assistance of counsel claims as set forth under the first assignment of error.

Legal Analysis

{¶18} In this analysis, we will consider Stuckey's argument regarding the failure of defense counsel to request a more responsive bill of particulars before we examine whether the jurors lost their way in finding him guilty of three counts of gross sexual imposition. In this case, defense counsel filed a motion that requested a bill of particulars from the State. Doc. 6. In response, the State filed a bill of

particulars. Doc. 30. On appeal, Stuckey argues that the State's bill of particulars did not sufficiently distinguish the five separate instances of gross sexual imposition and that his defense counsel should have requested a more detailed bill of particulars.

{¶19} Under Crim.R. 7(E), a defendant may request a bill of particulars from the State. Crim.R. 7(E). *See State v. Siferd*, 151 Ohio App.3d 103, 2002-Ohio-6801, 783 N.E.2d 591, ¶ 22 (3d Dist.).

> **The purpose of a bill of particulars is to inform a defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to prevent surprise, or to plead his acquittal or conviction in bar of another prosecution for the same offense.**

*City of Toledo v. Enis*, 6th Dist. Lucas No. L-86-404, 1987 WL 19477, *1 (Oct. 30, 1987), quoting *State v. Halleck*, 24 Ohio App.2d 74, 76, 263 N.E.2d 917, 920 (4th Dist. 1970).

> **A bill of particulars need not include information that is within the knowledge of the defendant or information that a defendant could discover with due diligence. *State v. Sessler*, 3d Dist. No. 3-06-23, 2007-Ohio-4931, ¶ 11, quoting [*State v.*] *Miniard*, [4th Dist. Gallia No. 04CA1,] 2004-Ohio-5352, at ¶ 23. Additionally, a bill of particulars need not be precise, but rather 'need only be directed toward the conduct of the accused as it is understood by the [S]tate to have occurred.' [*State v.*] *Gingell*, 7 Ohio App.3d [364,] at 367[, 455 N.E.2d 1066 (1982)].**

*State v. Balo*, 3d Dist. Allen No. 1-10-48, 2011-Ohio-3341, ¶ 42. "A bill of particulars is not designed to provide the accused with specifications of evidence or

to serve as a substitute for discovery." *State v. Smith*, 2d Dist. Montgomery No. 19370, 2003-Ohio-903, ¶ 20.

**{¶20}** To demonstrate prejudice with this argument, Stuckey would need to establish that, but for his defense counsel's failure to request a more specific bill of particulars, the outcome of this proceeding would have been different. *State v. Hartmann*, 2016-Ohio-2883, 64 N.E.3d 519, ¶ 47 (2d Dist.). As an initial matter, we note that Stuckey has not identified what additional, available, material information the State should have included in the bill of particulars. *See State v. Lawrinson*, 49 Ohio St.3d 238, 239, 551 N.E.2d 1261, 1262 (1990).

**{¶21}** Further, Stuckey has not advanced an argument that demonstrates how the brevity of the bill of particulars prejudiced his defense. Defense counsel capably cross-examined the State's witnesses and was able to present evidence in Stuckey's defense. *See also State v. Williams*, 11th Dist. Ashtabula No. 2000-A-0005, 2001 WL 589260, *5 ¶ 24 (June 2, 2001) (considering whether alleged deficiencies in a bill of particulars "hamper[ed] * * * preparation for trial."). Based on his defense at trial, we find no indication that Stuckey or defense counsel was not aware of the "nature of the charges against him." *State v. Rosa*, 8th Dist. Cuyahoga Nos. 100324 and 100325, 2014-Ohio-2764, ¶ 13.

**{¶22}** Stuckey's trial defense was also a straightforward denial of the allegations against him. Tr. 191. *State v. Kisseberth*, 2d Dist. Montgomery No. 20500, 2005-Ohio-3059, ¶ 65 (Since the accused's "defense at trial consisted of a

complete denial of wrongdoing," "defense counsel lacked compelling reasons to file a motion for a bill of particulars, and had he done so, it would have no discernible impact on the outcome of the trial."), *reversed in part on other grounds, In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174, ¶ 86. In this appeal, Stuckey has not demonstrated how a more specific bill of particulars would have altered this defense in any way.

**{¶23}** Finally, under the facts of this case, Stuckey cannot demonstrate that the outcome of the trial would have been different in the absence of establishing that the brevity of the bill of particulars hampered his defense. At trial, both Stuckey and M.W. testified about the allegations underlying the charges in this case. Tr. 125, 190. Ultimately, resolution of these charges "rested on whose version of events the jury believed." *State v. Butcher*, 11th Dist. Ashtabula No. 2002-A-0059, 2003-Ohio-5537, ¶ 25. Stuckey has not demonstrated how a more specific bill of particulars would have changed how the jurors weighed this testimony presented at trial. *Id. See also State v. D.H.*, 10th Dist. Franklin No. 16AP-501, 2018-Ohio-559, ¶ 80-81. Thus, we find this first argument to be without merit.

**{¶24}** Next, Stuckey argues that the fact that he was found guilty of only three of the five charges of gross sexual imposition indicates that "the jury clearly lost its way." Appellant's Brief, 9.

> **When an appellate court analyzes a conviction under the manifest weight standard, it 'sits as the thirteenth juror.'** [*State v.*] ***Thompkins***, **78 Ohio St.3d at 387, [1997-Ohio-52,] 678 N.E.2d 541**

> **[(1997)]. Accordingly, it must review the entire record, weigh all of the evidence and its reasonable inferences, consider the credibility of the witnesses, and determine whether the fact finder 'clearly lost its way' in resolving evidentiary conflicts and 'created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). When applying the manifest weight standard, a reviewing court should only reverse a trial court's judgment 'in exceptional case[s]' when the evidence 'weighs heavily against the conviction.' *Id.* at paragraph three of the syllabus.**

*State v. Blanton*, 2015-Ohio-4620, 48 N.E.3d 1018, ¶ 44 (3d Dist.). "A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses." *State v, Wilson*, 2022-Ohio-504, 185 N.E.3d 176, ¶ 59 (3d Dist.), quoting *Sullivan, supra*, at ¶ 38.

**{¶25}** Stuckey asserts that the evidence cannot be interpreted to support convictions for only three of the five charges for gross sexual imposition in this case. However, as we noted in our prior assignment of error, M.W. was able to identify at least three specific incidents that occurred in between July and September 2019. First, she stated that Stuckey attempted to rub her vaginal area "once or twice." Tr. 129. Second, she testified that, on one occasion, Stuckey attempted to kiss her on the lips but that she was able to block him with her hand. Tr. 129. Third, M.W. stated that, on another occasion, Stuckey was wearing a robe and exposed himself to her. Tr. 129. *See* Tr. 149.

**{¶26}** Based on M.W.'s testimony about Stuckey's behavior in these three incidents in conjunction with her testimony about Stuckey touching her vaginal

area, the jurors concluded that the State had established beyond a reasonable doubt that Stuckey had sexual contact with a person under the age of thirteen on three occasions. Thus, a jury could reasonably interpret the evidence presented at trial to find Stuckey guilty of only three of the charges of gross sexual imposition. There is no indication that the jurors lost their way in finding Stuckey guilty on three charges of gross sexual imposition. Having examined the evidence in the record on the basis of its weight and credibility, we conclude that Stuckey's manifest weight argument is not persuasive.

{¶27} In conclusion, Stuckey has not, with these arguments, established an ineffective assistance of counsel claim. He has not established that he was prejudiced by defense counsel's decision not to request a more specific bill of particulars. He also has not established that the jurors lost their way and returned verdicts against the manifest weight of the evidence. Accordingly, his second assignment of error is overruled.

*Conclusion*

{¶28} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Defiance County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**